## WITHERELL *versus* SWAN & *als.*

A book, kept by a surveyor of lumber, in which are entered the names of the buyer and of the seller, the quantity of lumber surveyed and the time when, if it be the only book kept by the surveyor, from which he draws off the charges for his services, is admissible, with his suppletory oath, in a suit by himself against the buyer for his fees as surveyor.

A book, to be admissible, must be the original entry and made at the time. Those facts must of necessity be proved by the oath of the party. The book must also be in his handwriting, and must show the amount of the claim. No particular form of a book is necessary. But it must appear to have been kept intelligibly, fairly and truthfully.

When the plaintiff's book and oath have proved the charges, if the defendant would rely upon payment made, the burden is on him to prove it, either by cross-examination of the plaintiff or from other sources.

ASSUMPSIT upon an account annexed, for services in surveying lumber. The trial was had in the District Court before HATHAWAY, J.

It was admitted, that the plaintiff was a legally qualified surveyor. In support of the account, he offered a book, with his suppletory oath, to which the defendants objected. On being sworn, he testified, *that* he kept no day-book, or any other book than this, containing his charges for surveying; *that* the entries were in his handwriting, and made at the dates thereof; and, *that* he performed the services in surveying as appeared on the book.

On cross-examination he stated, *that* it was a survey book; *that* he entered in it names of the seller and of the buyer of the lumber which he surveyed; *that* from this book he made all his bills for his services in surveying; *that* he looked first to the seller for his pay, and if he could not get it from him, he looked to the buyer. The item in the book, which the plaintiff relied upon, was an entry of a specified quantity of lumber surveyed, stating the day, and the seller, and also naming the defendants as the buyers. The price carried out was at a higher rate than the statute allows for surveying.

There was no other evidence to show, that the service was performed, or for whom, or at whose request it was performed.

The Judge admitted the book and the testimony, and instructed the jury, " *that the book was evidence of the amount due from defendants to plaintiff for surveying as charged in the plaintiff's account*, and, that they should assess the damages for the plaintiff, (if they believed his testimony,) at the statute price for surveying so much lumber *as should appear by said book to have been sold to said defendants* which was surveyed by plaintiff, *deducting credits on plaintiff's bill of particulars.*"

The jury found a verdict for the plaintiff.

To these rulings and instructions defendants excepted.

*B. Bradbury*, for defendants.

The survey book was inadmissible. It was not a book of account. It contained no charges against any one. The entry was not made for the purpose of charging any one. See Greenl. Ev. vol. 1, § 140. It was merely a memorandum, intended for the convenience of parties actually interested. It cannot be evidence to show who the parties were.

The law does not require such a book to be kept. It therefore has none of the elements of a record. Between other parties, it might be used to refresh the surveyor's memory, if he should be called as a witness. To use it as testimony for the surveyor himself, is a perversion of its import and design. There is no proof that the defendant ever purchased the lumber or heard of it, till called to answer in this suit.

It is necessity alone which upholds the practice of allowing a person to testify in his own behalf. At the expense of much legal principle, the rule has already been pressed to the extreme point. It needs contraction rather than expansion. In a case like this, there can be no necessity to admit the plaintiff's mere book survey.

The suppletory oath, as it was called, fell far short of sufficient testimony. It did not state, that he did the service for the defendants, or that they knew of it or assented to, or that they ever purchased the lumber or knew of its existence. The entry on the book might have been made, and doubtless

was, at the suggestion of the seller alone. Plaintiff knows his debtor by hearsay only. He testified that his first call is upon the seller, and he does not say that he has not been paid. See Greenl. Ev. vol. 1, § 140, note and cases cited. In case of goods sold, the seller, if he rely on his book, must testify to a delivery to the defendant. If the delivery be to an agent, he must prove the agency by testimony other than his own. By analogy, ought there not to be, by plaintiff's testimony or otherwise, some proof that the defendants had some sort of interest or knowledge about this lumber.

The claim, in its nature, admits of better evidence. If the plaintiff claim of the seller, he may call the buyer; if of the buyer, he may call the seller.

That instruction to the jury was erroneous, which stated "that the book was evidence of the amount due from the defendants to the plaintiff for surveying as charged in the plaintiff's account." At most, it could be evidence only of the amount of labor performed, no price being charged thereon.

That instruction was also erroneous, which directed the jury to "assess damage, at the statute price, for surveying so much lumber as should appear by said book to have been *sold* to the defendants." By that instruction, the book is made evidence of the sale.

The plaintiff invokes the statute, which gives the surveyor a right to recover of the buyer. By the book alone, even unsupported by his oath in that particular, he is allowed to prove that these defendants were the buyers. This must be erroneous.

*Chase,* for plaintiff.

Howard, J., orally. — Was the book admissible ? This sort of proof is not known in some of our States. It is not known in any other country. It is an invasion of the old maxim, " *nemo in sua propria causa, testis esse debet.*"

The book of a plaintiff, in order to be admitted, should be the original, and made at the time of performing the service.

The evidence of these facts must necessarily come from

him. It must be in his handwriting. The present plaintiff testified to all these facts, and also that he did the surveying. The book must also show the amount of the claim. No particular form is necessary. The book states the quantity surveyed. The statute fixes the price.

It is objected that it is not appropriately an account-book, such as the law can admit in evidence. But we consider a book sufficient for that purpose, if it be kept intelligibly, fairly and truthfully.

It is also objected that it was not kept, and the entry was not made, for the purpose of charging the defendants. But the plaintiff testifies that that is his mode, and his only mode of charging.

It is further objected that the plaintiff did not testify that he had not received pay. This objection cannot prevail. The proofs made a *prima facie* case, competent for the jury to act upon. If defendants would rely on payment, they might inquire of the plaintiff, or prove it from other sources.

Another objection is, that the plaintiff's case admits of better evidence. True, it might in some instances be so. But, as stated in the plaintiff's argument, it is difficult to see how either the buyer or seller, or any other person could, except from the book itself, fix the quantity surveyed.

The book seems also to be sustained by some peculiar safeguards. It was made under an oath of office, and for the security of many interests, and it contains many minutes not usual in books of account. There were high inducements for keeping it correctly.

We feel bound then to hold the book admissible, notwithstanding the objections offered.

We come then to consider the instruction given to the jury. The statute imposes upon the buyer the obligation to pay for the surveying. The objection to the ruling is, that the book was made evidence of the quantity of lumber *sold*. As an isolated proposition, the language would seem unsustainable ; but taken in connection with the facts of the case, its fair construction is, that the jury were instructed, if they believed

the witness, to assess damage, at the statute rate, for surveying so much lumber as appeared by the book to have been *surveyed by the plaintiff*, deducting the credits on his bill of particulars. Thus understood, the instruction was substantially correct. *Exceptions overruled.*