## COUNTY OF SAGADAHOC.

JAMES A. CROOKER & al. versus CHARLES CROOKER & al.

The burden of proof is upon a party alleging the payment of a mortgage, al-
though the mortgagees have not been in possession for more than twenty
years after the notes secured thereby became due, if, during that time, the
premises are in possession of a tenant for life under a superior title.

ON EXCEPTIONS.   PETITION FOR PARTITION.

THE respondents claimed under two mortgages and the
notes secured thereby, more than twenty years old.   There
was no evidence that the mortgagees were ever in possession
of the premises for more than twenty years after the notes
became due, they having been held in dower by one Hannah
Crooker, under a title superior to the mortgage.

The petitioners claimed that the notes had been paid; and
the presiding Judge, DAVIS, instructed the jury that the
burden of proof was on the petitioners to satisfy them of
that fact; and it was for the jury to determine upon the
whole evidence whether the notes had been paid or not.

*Gilbert*, for petitioners.

The jury ought to have been instructed that the presump-
tion of law is, that the mortgage debts had been paid, and
that the burden of proof was on the mortgagees to overcome
the presumption.   *Joy* v. *Adams*, 26 Maine, 330; *Sweet-
ser* v. *Lowell*, 33 Maine, 446.

*Whitmore* and *Baker*, for respondents.

The opinion of the Court was drawn up by

CUTTING, J. — It has been well settled, that, notwithstand-
ing the production of a mortgage and notes secured thereby
by the mortgagee, after the lapse of twenty years from the

time of payment and no possession taken or foreclosure attempted, such continued possession by the mortgager raises the legal presumption of payment, which presumption casts the burden of proof on the party whose duty it is to overcome it. *Joy* v. *Adams*, 26 Maine, 330; *Howland* v. *Shurtliff*, 2 Met., 26.

Had the case at bar been similar to those cited, the ruling in relation to the burden of proof would have been erroneous. But it is not so; for the present case discloses the fact that—"the mortgaged premises had been held in dower by one Hannah Crooker, widow of Jonathan Crooker, from whom both parties derived their titles." Consequently, the mortgagees were not authorized to take possession during the life-estate, and one of the material elements constituting the legal presumption was wanting. Therefore, upon the evidence, as admitted, the instructions to the jury were as favorable to the petitioners as they were legally authorized to expect. *Exceptions overruled, and*

*Judgment on the verdict.*

TENNEY, C. J., RICE, and GOODENOW, JJ., concurred.
MAY and DAVIS, JJ., concurred in the result.