WILLIAM H. McKown *vs.* ASBURY N. POWERS, and another.

Lincoln.   Opinion March 9, 1894.

*Exceptions. Practice. R. S., c. 77, § 51. Stat. Westminster, 2 (13 Edw. 1 c. 31).*

Exceptions to the admission or exclusion of evidence should be noted at the time.

Exceptions to any ruling in the charge should be noted before the jury leave the bar of the court.

Exceptions when properly noted should be presented afterward to the court in a bill of exceptions in a summary manner, showing each ruling distinctly by itself.

Where, instead of each exception being presented separately, the whole record is sent up with the statement that the plaintiff excepts to all the rulings, such exceptions will not be considered.

ON MOTION AND EXCEPTIONS.

This was a real action in which the jury returned a verdict for the defendants. The plaintiff filed a general motion for a new trial and a bill of exceptions.

The view taken by the court renders any further report of the case and the arguments of counsel unnecessary.

*Geo. D. Ayers and George B. Sawyer*, for plaintiff.

*Frank and Larrabee, Geo. B. Kenniston*, with them, for defendants.

SITTING: PETERS, C. J., WALTON, EMERY, HASKELL, WHITEHOUSE, JJ.

EMERY, J. This is a real action coming before the law court on motion and exceptions.

I. Motion. The only issue for the jury under the rulings of the judge, was whether the plaintiff's grantors had occupied the demanded premises openly, notoriously, continuously, exclusively and adversely for at least twenty years. The plaintiff had the affirmative of this issue and we think he failed to maintain it.

II. Exceptions. The bill of exceptions is in the following general terms: "In the course of the trial sundry evidence offered in behalf of the plaintiff was excluded by the court; and other evidence offered in behalf of the defendants was admitted against the plaintiff's objections; as will fully appear by the report of the evidence, which goes forward as a part of the bill of exceptions as well as under the plaintiff's motion for a new trial. Said motion was seasonably filed and made part of the case. Plaintiff's counsel requested certain instructions to be given which were refused, and which, together with the entire charge, make part of this case. The parts of the charge which are specifically excepted to, as well as the rulings on the admission of evidence excepted to, are printed in italics.

"To the several rulings in the exclusion and admission of evidence, and to the several instructions to the jury as indicated above and to the refusals to instruct, the plaintiff excepts, and prays that his exceptions may be allowed."

By such a bill of exceptions the plaintiff does not separately present each issue of law in that clear, distinct, summary manner required by the statute. Instead of separating the various rulings, and presenting each by itself clearly and comprehensively, so that each may be understandingly considered and determined, he presents all or nearly all the rulings indiscriminately and in a confused mass, thus throwing upon the court a great and unnecessary labor of research and analysis.

This court has often expressed its disapproval of this form of bills of exceptions and declared that it was not bound to consider exceptions presented in this manner. *State* v. *Reed*, 62 Maine, 135 ; *Bradstreet* v. *Bradstreet*, 64 Maine, 204 ; *Webber* v. *Dunn*, 71 Maine, 331. In other unreported cases the court has refused to consider them at all. We find, however, that the disapproved and erroneous practice is still continued to some extent, and, inasmuch as after examination we are satisfied these exceptions could not be sustained, we think we should take this occasion to authoritatively declare that the court not only need not, but hereafter will not, unless in exceptional cases, consider exceptions presented in this objectionable mode.

A brief review of the origin and nature of bills of exceptions, will fully justify the enunciation of this rule.

Bills of exceptions have their origin in the statute of Westminster, 2 (13 Ed. 1, c. 31). Before that statute, the only remedy for the correction of the errors of justices presiding at *nisi prius* terms, was the writ of error. That writ, however, only reached the errors apparent upon the judgment roll, and hence did not remedy errors made by the justices in their various rulings upon the evidence and in their instructions to the jury. This defect of remedy was sought to be removed in the statute named, by supplementing the record to be sent up on writ of error. The Statute provided that a party dissatisfied with any such ruling during the trial of a cause might "write the exception" thereto, and tender the written statement to the judge to be sealed by him "for a testimony." This written statement thus sealed became known in practice as a bill of exceptions.

This bill of exceptions, however, was not alone sufficient to

procure a review of the rulings excepted to. If the excepting party did not sue out a writ of error, he waived his exceptions. If he did sue out the writ, the bill of exceptions was appended to the judgment roll, and sent along with the writ of error and the record, into the court of review. This was the old English practice (Tidd's Pr. 786), and substantially the same course of proceedings is still pursued in the Federal Courts of this country.

In strictness, the exception was to be written out and sealed during the trial and at the time the point was raised and ruled upon, and this seems to have been the earlier practice under the statute. *Davies* v. *Lowndes*, 1 M. & G. 473, (33 E. C. L. 536) Tidd's Pr. 788. This strictness was later relaxed, and parties were permitted to draw up and present the formal bill of exceptions after the trial as now; but still, according to Tidd, " The substance must be reduced to writing while the thing is transacting, because it is to become a record." According to Archbold, the party excepting should state that he excepts and the point upon which he excepts, and then a memorandum should be made at the time by the parties and the judge. The bill of exceptions could be drawn up in form afterward. In the Federal Courts, the formal bill of exceptions may in practice be prepared after the trial, but in theory each exception is made and stated at the time of the ruling. The later draft is made in a measure *nunc pro tunc*. The bill of exceptions should purport upon its face to be the same as if actually reduced to writing during the trial. It should at least state that the exception was taken at the time of the ruling and before the jury left the bar of the court. *Walton* v. *U. S.* 9 Wheat. 651; *Sheppard* v. *Wilson*, 6 How. 260; *Phelps* v. *Mayer*, 15 How. 160; *Railway Co.* v. *Heck*, 102 U. S. 120.

In the English and American practice, under the Statute of Westminster allowing exceptions, it has been uniformly held that, to obtain the benefit of the statute, and the allowance of the exceptions, the party desiring to except should raise each point distinctly by itself for the consideration of the judge, and should apprise the judge and the opposite party of his claims and positions in presenting it. If he objects to any evidence

offered by the other party, he should at the time state briefly and distinctly upon what grounds he places his objection. If he offers evidence which is objected to, and urges its admission, he should state as briefly and distinctly, upon what rule or principle he relies for its admissibility. In the matter of instructions to the jury, he should clearly ask what rule he desires to be given, and clearly indicate to what rulings he objects, before the jury are sent out with the case. When the points thus relied upon by either party are thus clearly presented to the judge, and made known to the other side, the judge is less likely to err, and may be able to correct errors already made ; or the opposite party may waive, some, or all the points, and assent to an adverse ruling upon them. This course greatly lessens the chances of mis-trials, and subserves those most desirable qualities, promptness and accuracy in the administration of justice.

The United States Supreme Court holds counsel fully up to the above standard of practice. It will not consider exceptions unless they are taken and presented in accordance with the strict rule above stated. *Scott* v. *Lloyd*, 9 Pet. 442 ; *Camden* v. *Doremus*, 3 How. 515 ; *U. S.* v. *Breitling*, 20 How. 252 ; *U. S.* v. *McMasters*, 4 Wall. 680 ; *Columbia Ins. Co.* v. *Lawrence*, 2 Pet. 25 ; *U. S.* v. *Carey*, 110 U. S. 51 ; *Pacific Co.* v. *Malin*, 132 U. S. 531 ; *Dist. of Col.* v. *Woodbury*, 136, U. S. 450.

In Maine, the writ of error is dispensed with. It is not necessary to send up the full record of the case with a bill of exceptions appended, in order to obtain a review of one or more rulings of the presiding justice. A shorter procedure has been devised, R. S., c. 77, § 51 (based on the Massachusetts statute of 1804). The bill of exceptions alone is sent direct to the court of review, and judgment is stayed in the trial court until the exceptions are determined. The statute, however, which authorizes this direct course, evidently contemplates that the exceptions shall be stated separately, pointedly, concisely. It requires that they shall be presented, "in a summary manner," that is, within a narrow compass. There is nothing in the

statute indicating that the exceptions may be more indeterminate in their nature, or more loosely written in form, than under the orignal statute of Westminster. On the other hand, the Maine statute seems to contemplate that the exceptions to each ruling shall be written specifically, though the various exceptions may be combined in one bill. The language is, that "a party aggrieved by *any* opinion may present written exceptions." The spirit of the statute, is that the procedure in trials shall be directed to a speedy, as well as a correct determination of the litigation; that all objections shall be seasonably and clearly made, and all exceptions plainly stated and noted while, "the thing is being transacted;" while steps may be retraced, and errors may be corrected.

The decisions of this court have not authorized any looser practice in the taking and writing exceptions. Objections to offered evidence must be specific. The precise grounds upon which they are made must be stated. The legal issue must be clearly presented. The exceptions of the ruling must be reserved and noted at the time. *Comstock* v. *Smith*, 23 Maine, 202; *Lee* v. *Oppenheimer*, 34 Maine, 181; *White* v. *Chadbourne*, 41 Maine, 149; *Staples* v. *Wellington*, 58 Maine, 453; *State* v. *Bowe*, 61 Maine, 171; *Harriman* v. *Sanger*, 67 Maine, 442; *State* v. *Savage*, 69 Maine, 112; *Hunter* v. *Randall*, *Id.* 183; *Ruggles* v. *Coffin*, 70 Maine, 468. Exceptions to the whole charge are ineffectual. Exceptions can only be made to single propositions of law laid down in the charge. Requests for instructions should be single, and each request confined to a single proposition. Exceptions must be reserved before the cause is finally committed to the jury. The eighteenth rule of court is merely an affirmance, or revival, of a long pre-existing rule of practice. *Bradstreet* v. *Bradstreet*, 64 Maine, 204; *McIntosh* v. *Bartlett*, 67 Maine, 130; *Bacheller* v. *Pinkham*, 68 Maine, 253; *State* v. *Pike*, 65 Maine, 111; *Crosby* v. *M. C. R. R.* 69 Maine, 418; *Brackett* v. *Brewer*, 71 Maine, 478.

There is nothing harsh in these rules. They can be easily conformed to, without embarrassment or annoyance. Counsel should always be willing to state his positions and contentions

so clearly, that the judge, or the opposite counsel, may easily understand them. When the ruling is adverse, a simple request from the counsel that the point be reserved will be sufficient to note the exceptions. Exceptions to instructions given, or instructions refused, can always be quietly noted at the judge's desk in the presence of the opposite counsel, without embarrassing the excepting party's standing with the jury. By this course, inadvertent errors can be easily corrected, or the opposite counsel may waive a ruling in his favor rather than risk exceptions. While this course may sometimes destroy the schemes of artful counsel for a new trial, when he finds the evidence against him, it leads direct to the speedy and just conclusion of the litigation.

Recurring now to the bill of exceptions in this case, it must be evident, that the exceptions were not properly taken or presented under either statute. As to the rulings upon the admissibility of evidence, the stenographer's entire and lengthy report of the trial is presented to us, and we are asked to search through the whole mass for the numerous and various rulings made. The entire charge is also reported, and we are expected to explore that for italicised clauses and sentences. It does not appear in the bill that any exception was seasonably taken, or that the judge or opposing counsel had any notice of a desire to except. So far as the bill shows, the plaintiff acquiesced in each ruling as it was made, and did not bethink himself of exceptions until after the verdict was against him. He should not now be allowed to overturn the trial and its results, for possible errors which might have been avoided by seasonable exceptions. His bill of exceptions should be dismissed.

In this particular case, in order not to take the parties by surprise, we have patiently gone over the whole record and the numerous rulings, and do not find that the plaintiff was prejudiced by any of them, even if he had seasonably and properly excepted. Hereafter, however, exceptions must be seasonably and properly taken, and be presented in the summary manner required by the statute, or they will be dismissed without further consideration.

*Motion overruled.  Bill of exceptions dismissed.*