ESSEX FERTILIZER COMPANY *vs.* GEORGE O. DANFORTH.

Waldo.     Opinion October 30, 1913.

*Burden of Proof. Checks. Evidence. Letters. Motion. Payment. Verdict.*

Assumpsit to recover balance of $50 claimed to be due on fertilizer sold to the amount of $750 and claimed by defendant to have been paid in full.
*Held:*

1. The defendant's original liability for the fertilizer bought having been admitted, the burden was on him to prove the payments therefor which he claimed to have made.

2. That the defendant failed to sustain that burden by a preponderance of the evidence.

On motion by plaintiff for new trial.   Motion sustained.   New trial granted.

This is an action of assumpsit upon an account annexed to the writ to recover a balance due for fertilizer sold defendant.   The defendant claimed that he had made payment in full.   Plea, general issue.   The jury returned a verdict for the defendant and the plaintiff filed a general motion for a new trial.

The case is stated in the opinion.

*C. W. Hussey, and Arthur Ritchie,* for plaintiff.

*Dunton & Morse,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, JJ.

KING, J.   Action to recover a balance of $50 claimed to be due on an account annexed to the writ.

The account debits the defendant with fertilizer sold to the amount of $750 (which was admitted), with an item of $8.12 interest, making a total charge of $758.12, and he is credited with $708.12, showing the balance of $50 claimed to be due.

The defense was payment in full; and, to be more specific, the precise issue was, whether the defendant sent the plaintiff one or two $50 checks.   The jury returned a verdict for the defendant, and the case is before this court on the plaintiff's motion for a new trial.

The defendant's original liability for the fertilizer bought having been admitted the burden was on him to prove the payments therefor which he claimed to have made. . We think he failed to sustain that burden by a preponderence of the evidence.

On March 25, 1911, the defendant procured a check of the Freedom Lumber Co. for $50 payable to the plaintiff's order.   On March 30, 1911, he wrote the plaintiff saying: "Please find check for fifty dollars for which please place to my credit.   Will send you the balance of my bill soon."   That letter was stamped by the plaintiff as follows: "Mail Department April 3, 1911." "Amount received Apr. 4, 1911, I. H. W. 50." "Acknowledged Apr. 6, 1911, R. E. W." The indorsements on the back of the Freedom Lumber Co. check show that it was deposited by the plaintiff (whose place of business was in Boston) in a Boston bank, and passed through the Boston

Clearing House. It was stamped on its face "Paid Apr. 5, 1911. The City National Bank Belfast, Me." The plaintiff's contention was that it was the Freedom Lumber Co. check that was sent by the defendant in his letter of March 30, 1911, and that it received no other $50 check from him.

On the other hand, the defendant contended and testified that he sent the Freedom Lumber Co. check to the plaintiff on the day it was written, March 25, 1911, and that he sent another check for the same amount with his letter of March 30. And the treasurer of the Lumber Co., who drew the check, testified that he saw the defendant put the check into an envelope and deposit that in the letter box in the post office on the day the check was dated, but he did not know to whom it was directed. No letter, or copy of letter, from the defendant dated March 25th, 1911, is shown, and the defendant did not testify as to the contents of any letter then sent, nor did he testify that any letter was in fact sent with the check. But it would be quite remarkable if the check was sent without any accompanying letter of explanation, inasmuch as it was drawn by another party payable directly to the plaintiff.

If the $50 check sent with the defendant's letter of March 30 was not the Freedom Lumber Co. check, whose check was it? Where did the defendant get it? And what became of it? It is a most significant fact that the defendant could give no information whatever touching those questions. Indeed it is quite unbelieveable that this defendant could procure a $50 check from some one and send it to his creditor and not be able afterwards to recall at least enough about the transaction to enable him to discover some evidence as to whose check it was, or where he procured it.

Moreover, the defendant's contention that the check of the Freedom Lumber Co. was not sent to the plaintiff in the letter of March 30, but that another $50 check was, is utterly refuted, we think, by the defendant's own letter to the plaintiff of April 25, 1911. In this letter he said: "Yours of April 21 received and in reply will say that in your statement you have not allowed my last check that I sent you drawn in your favor March 25 on Freedom Lumber Co.' for fifty dollars which you acknowledged April 4. Please look this up and let me know and I will send you the balance due." This letter, we think, shows beyond question that the contention of the

defendant at the trial was wrong, for in this letter, written only twenty-five days after the letter of March 30, 1911, he stated with unmistakable clearness that the "last check" he sent the plaintiff was the one "drawn in your favor March 25 on Freedom Lumber Co., for fifty dollars which you acknowledged April 4."

When this positive statement of the defendant .in writing, that the *last check* he sent prior to April 21, 1913, was the Lumber Co. check, is considered in connection with the fact that he was unable to give any information whatever as to when or where or from whom he procured the other $50 check that he claimed to have sent, the conclusion seems irresistible that the Freedom Lumber Co. check was the one that was sent in the letter of March 30, 1911, and that the defendant was mistaken in his contention at the trial.

It is therefore the opinion of the court that the verdict was not justified by the weight of the evidence, and that justice requires that it should be set aside and a new trial granted.

*Motion sustained.*
*New trial granted.*