MARGARET DODGE *vs.* JOSEPH T. BARDSLEY, ET AL.

Cumberland.    Opinion, December 12, 1933.

*Harry E. Nixon,* for plaintiff.
*John P. Deering,*
*Jacob H. Berman,* for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

THAXTER, J.    This case is an action of debt heard by the presiding Justice, who found for the defendants. It is before us on exceptions.

The pleadings, exhibits, agreed statement of facts, and the findings and rulings of the presiding Justice are made a part of the bill of exceptions. The bill then states: "To all which rulings the plaintiff hereby excepts and prays that her exceptions may be allowed, she having been aggrieved by said rulings." The specific objections of the defendants set forth with no further particularity.

Rev. Stat. 1930, Ch. 91, Sec. 24, provides that any party aggrieved by the rulings of the presiding Justice may "present written exceptions in a summary manner," which, when allowed, shall be transmitted to this court for decision.

The purpose of a bill of exceptions is to present in clear and specific phrasing the issues of law to be considered by this court. Each ruling objected to should be clearly and separately set forth. The very purpose of the bill is to withdraw from the mass of rulings those which it is claimed are erroneous, and exceptions are only presented in a "summary manner" in accordance with the statute when they are "stated separately, pointedly, concisely." *McKown* v. *Powers*, 86 Me., 291, 295, 29 A., 1079, 1081.

The method adopted by counsel here attempts to bring before this court indiscriminately all the rulings of the presiding Justice, and subverts the very purpose of the statute. The objections to this course have been repeatedly pointed out. *State* v. *Reed*, 62 Me., 129; *Allen* v. *Lawrence*, 64 Me., 175; *McKown* v. *Powers*, supra; *Dennis* v. *Waterford Packing Co.*, 113 Me., 159, 93 A., 58; *Small* v. *Wallace*, 124 Me., 365, 129 A., 444; *State* v. *Cohen*, 125 Me., 457, 134 A., 627.

*Exceptions overruled.*