ABBIE I. SARD

*vs.*

REBEKAH W. SARD ET AL., EX'RS.

(LAW DOCKET NO. 1317)

---

ABIGAIL SARD TRAFFORD

*vs.*

REBEKAH W. SARD ET ALS., EX'RS.

(LAW DOCKET NO. 1318)

---

REBEKAH W. SARD, APLT.

FROM DECREE OF JUDGE OF PROBATE

IN RE RETENTION OF ASSETS FOR THE BENEFIT OF

ABBIE I. SARD

(LAW DOCKET NO. 1319)

---

REBEKAH W. SARD, APLT.

FROM DECREE OF JUDGE OF PROBATE

IN RE PRIVATE CLAIM OF RUSSELL E. SARD, JR.

(LAW DOCKET NO. 1320)

---

REBEKAH W. SARD, APLT.

FROM DECREE OF JUDGE OF PROBATE

IN RE PETITIONS OF ABBIE I. SARD AND

RUSSELL E. SARD, JR.

(LAW DOCKET NO. 1321)

---

Waldo.    Opinion, August 28, 1951.

48

*Berman & Berman*, Lewiston, for Russell E. Sard.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

MERRILL, J. On exceptions. These five cases involve the rights of Abbie I. Sard and her two children, Russell E. Sard, Jr., and Abigail Sard Trafford, against the estate of Russell E. Sard, divorced husband of Abbie and father of Abigail and Russell, Jr. Their respective rights are dependent upon and are governed by the terms of a separation agreement entered into in the State of New York between Abbie I. Sard and the decedent prior to their divorce. This agreement was found by the Nevada Court, which subsequently entered the decree of divorce, to constitute a fair and equitable agreement and settlement of the property rights of the respective parties. It was specifically "approved," "adopted and made a part of" the decree of divorce. By its terms said agreement was to bind the heirs,

executors, administrators, assigns and legal representatives of both the parties. Among other things the husband agreed to pay his wife "The sum of Six Thousand dollars ($6,000) per annum, payable in equal monthly installments" during the natural life of the wife or until her remarriage. It was further mutually agreed that the husband and wife would each execute a will providing "a bequest, in the sum of not less than Fifty Thousand dollars ($50,000) to each of said children."

The separation agreement was executed in New York on the 25th day of July, 1930. The divorce decree above referred to was dated November 10, 1930. Subsequent to the entry of the divorce decree, in acknowledgment of the performance of certain provisions contained in the agreement with respect to a possible divorce decree the husband signed a statement that the decree of divorce complied with the terms of the agreement. The husband later (July 23, 1935) remarried and died testate, a resident of Waldo County in this State, leaving as widow, Rebekah Wilmer Sard. The two children, who were both of age at the time of his death, survived him. By his will he nominated his widow, Rebekah, and his son as executors and, the will being allowed, they were confirmed as such. Under the will no provision was made for assuring the continuation of the payments to his former wife. Although there was a provision in the will for his children, it is claimed by both of them that the same does not conform to, nor satisfy the terms of the separation agreement and divorce decree.

The *former wife* brought an action at law in the Superior Court to recover installments due her under the agreement and decree which were unpaid at the date of her husband's death and that had accrued to and including March 1, 1950. This action was heard by the justice presiding, without the intervention of a jury, and he found for the plaintiff in the sum of three thousand seven hundred dollars ($3,700) plus interest from the date of the writ.

This case is identified in the record before this court as No. 6331 on the. Waldo Docket and is *No. 1317 on the Law Docket.* This case is now before this court on the defendants' exceptions.

The *former wife* also petitioned the Judge of Probate under R. S., Chap. 152, Sec. 18 that he order the executors to retain in their hands sufficient assets to pay her the amounts that would thereafterwards become due her under said agreement and decree.

From an order and amended order for retention of assets, made in the Probate Court, appeals were taken to the Supreme Court of Probate by Rebekah Wilmer Sarl, widow and co-executrix. The two cases were heard together and in order to clarify the decree below the Supreme Court of Probate entered an order and decree as follows:

"It is ordered and decreed that the executors of said estate and/or their successors shall, after payment of any and all taxes due from said estate, whether State or Federal, all obligations legally due common creditors including specifically the petitioner, all expenses of administration and such compensation as may be allowed by the Probate Court below to attorneys, retain and set aside and invest, subject to the investment rules applicable to trustees, the residuum of said estate up to but not exceeding the sum of $150,000, the income from which, after deduction of such expenses of administering such fund as the Probate Court below may from time to time alow, shall be used to make regular monthly payments of $500 each to petitioner, any necessary balance of such payments not provided by such net income to be paid by them out of the principal fund.

Propositions of law, novel in this jurisdiction, having been here presented which justify litigation of this matter thus far, costs are hereby awarded the appellant to be paid out of said estate."

These two cases are identified in the record before this Court as Nos. 6362 and 6362-B on the Waldo Docket and are

*Nos. 1321 and 1319 respectively upon the Law Docket.*
These two cases are now before this court on exceptions to
the decree of the Supreme Court of Probate by the appel-
lant, Rebekah Wilmer Sard, as widow and co-executrix of
the estate.

The son and daughter both claimed that the father, al-
though he made provision for them in his will, failed to
make the provision for each of them provided for in the
separation agreement and under the provisions of the di-
vorce decree incorporating the agreement therein.

The *daughter,* as beneficiary of said contract, brought an
action at law against the estate to recover the damages sus-
tained by her because of the failure of her father to make
the provision for her in his will as promised in the contract
as incorporated in said divorce decree. This case was heard
by a Justice of the Superior Court without intervention of
a jury. He found for the plaintiff in the sum of $50,000
but without interest. He further found that although she
was entitled to damages for the breach of the contract to
make provision for her by will, her relationship to the estate
with respect to priority of payment of said damages was
the same as that of a legatee, rather than as that of a
creditor. *Lang* v. *Chase,* 130 Me. 267, 276. He further
found that the mother, so far as payments already due and
to become due to her under the separation agreement and
divorce decree, was a creditor of the estate; and that pay-
ment to her would take priority over the payment of dam-
ages to the son and daughter for failure to make the re-
quired provisions for them by will. Because the retention
order in favor of the mother would prevent immediate pay-
ment to the daughter, he made the further order with re-
spect to the judgment in favor of the daughter "Execution
to issue on *scire facias* against the goods of the testator,
when shown to have come to the hands of the defendant ex-
ecutors or their successors."

To this judgment by the Justice of the Superior Court in favor of the daughter the executors filed exceptions. It is upon these exceptions that this case is now before this court. This case is identified on the record before this court as No. 6333 on the Waldo Docket and *No. 1318 on the Law Docket.*

The *son,* Russell E. Sard, Jr., being one of the co-executors of the will, instead of bringing suit against the estate to recover his damages for the failure by his father to make the required provision for him in the will, filed his private claim therefor against the estate in the Probate Court. From a decree in his favor appeal was taken to the Supreme Court of Probate. In that court the justice thereof allowed the claim in the amount of $50,000 with costs but without interest, with the provision that payment "be *withheld* until goods of the testator not subject to retention order, shall have come into the hands of the executors or their successors, this claim to have exact parity with the judgment awarded Mrs. Trafford in Docket #6333." To this decree of the Justice of the Supreme Court of Probate, Rebekah Wilmer Sard, widow and co-executrix, took exceptions. It is upon these exceptions that this case is before this court. This case may be identified as No. 6362-A on the Waldo County Docket and *No. 1320 on the Law Docket.*

Each of the five cases is before this court on exceptions to the ruling of a single justice. In the two actions at law, brought respectively by the mother and daughter against the estate, the exceptions are to the finding of a Justice of the Superior Court hearing the cases without the intervention of a jury. That such findings may be challenged only by exceptions, and that exceptions reach only errors in law, is too well settled in this jurisdiction to need the citation of authorities therefor. The same is true with respect to the other cases which are here on exceptions to decrees of the Supreme Court of Probate. In both classes of cases the

findings of fact by the justice presiding are conclusive if there be any evidence to support them. When the law invests the justice with the power to exercise discretion, that exercise is not reviewable on exceptions. If the justice finds without evidence, or if he exercises discretion without authority, his doings may be challenged by exceptions.

The general rules of law governing the sufficiency of bills of exceptions, and the questions which are open under bills of exceptions are the same with respect to both classes of cases. As we said in the recent case of *Heath et al. Applts.*, 146 Me. 229, 232:

> "The sufficiency of bills of exceptions to the findings and decrees of the Supreme Court of Probate is determined by the same rules of law which determine the sufficiency of bills of exceptions in other civil cases, and especially by those applicable to bills of exceptions from the findings and decisions of a single justice in cases tried without the intervention of a jury.
>
> As said in *Bronson, Aplt.* 136 Me. 401 with respect to exceptions to a decree of the Supreme Court of Probate:
>
>> 'It is now well settled that this Court under R. S., Chap. 91, Sec. 24 (now R. S., Chap. 94, Sec. 14), has jurisdiction over exceptions in civil and criminal proceedings only when they present *in clear and specific phrasing the issues of law to be considered.* The presentation of a mere general exception to a judgment rendered by a justice at *nisi prius* is not sufficient under the statute. Gerrish, Exr. v. Chambers et al., 135 Me. 70; 189 A. 187. *An exception to a judgment rendered in the Supreme Court of Probate is within the rule.'* (Emphasis ours.)
>
> Exceptions to the findings of a single justice on the ground that they are erroneous in law, to be within the foregoing statutory rule must on their face show in what respect the ruling is in violation of law. In the Bronson case, which held that

the bill of exceptions was insufficient, it was alleged that 'said rulings were erroneous and prejudicial to her and she excepts thereto and prays that her exceptions be allowed.'

The bill itself must state the grounds of exceptions in a summary manner. The bill must be able to stand alone. See *Bradford* v. *Davis*, 143 Me. 124; 56 Atl. (2nd) 68. The bill of exceptions must show what the issue was and *how the excepting party was aggrieved*. *Jones* v. *Jones*, 101 Me. 447.

If the ground of exception to the finding of a single justice is that it was erroneous in law because there was no evidence to support it, or because his finding was made without any evidence, such ground must clearly appear in the bill of exceptions. A general exception on the ground that the finding was erroneous in law is not sufficient. As said in *Wallace* v. *Gilley et al.*, 136 Me. 523:

'The exception, however, is not properly presented. It is directed generally and indiscriminately to the judgment below. It is not stated whether the error alleged is based upon the erroneous application of established rules of law, or upon findings of fact unsupported by evidence, or on other exceptionable grounds. It is now settled that the presentation of a mere general exception to a judgment rendered by a justice at nisi prius does not comply with the law.'

If it is claimed that the error in law is because the finding of fact is without any evidence to support it, the bill of exceptions should contain such allegation or its equivalent."

Measured by the foregoing rules the bill of exceptions from the decree ordering retention of $150,000 in the cases Waldo County Docket No. 6362 and No. 6362-B, *Law Docket Nos. 1319 and 1321* is fatally defective. It contains the full text of the rulings and decree of the Justice of the Supreme Court of Probate and then, without specifying in what respect such rulings are erroneous, merely states:

"To the foregoing rulings, and findings, the appellant, being aggrieved, seasonably excepted and

presents this her Bill of Exceptions and prays that the same may be allowed."

This bill of exceptions does not differ in any material respect from that in *Dodge* v. *Bardsley,* 132 Me. 230, of which we said:

"The purpose of a bill of exceptions is to present in clear and specific phrasing the issues of law to be considered by this court. Each ruling objected to should be clearly and separately set forth. The very purpose of the bill is to withdraw from the mass of rulings those which it is claimed are erroneous and exceptions are only presented in a "summary manner' in accordance with the statute when they are 'stated separately, pointedly, concisely.' *McKown* v. *Powers,* 86 Me., 291, 295, 29 A., 1079, 1081.

The method adopted by counsel here attempts to bring before this Court indiscriminately all the rulings of the presiding Justice, and subverts the very purpose of the statute. The objections to this course have been repeatedly pointed out."

In *Wallace* v. *Gilley and Tr.,* 136 Me. 523, the plaintiff brought a bill of exceptions:

"To the allowance of the defendant's motion the court's ruling and judgment the plaintiff excepts and prays that his exceptions may be allowed."

Again we said:

"The exception, however, is not properly presented. It is directed generally and indiscriminately to the judgment below. It is not stated whether the error alleged is based upon the erroneous application of established rules of law, or upon findings of fact unsupported by evidence, or on other exceptionable grounds. It is now settled that the presentation of a mere general exception to a judgment rendered by a justice at *nisi prius* does not comply with the law."

To multiply authorities upon these basic principles of law long established in this jurisdiction would serve no useful purpose.

The exceptions to the decree of the Justice of the Supreme Court of Probate ordering the retention of assets by the executors must be and hereby are overruled.

In passing we would say, however, that the claim of Abbie I. Sard for payments not yet accrued is a claim for the ultimate payment of which sufficient assets should be ordered retained by the executors under the provisions of Sec. 18 of Chap. 152 of the Revised Statutes. Nor, were the question open, do we think that the amount ordered retained is so excessive that it indicates an abuse of discretion or that the decree should be disturbed on that account. Mrs. Sard in October, 1950, was 59 years and 6 months of age with a life expectancy of approximately 15 years. She is entitled to an annuity of $6,000 per year. Although her life expectancy is approximately 15 years, she may not live 6 months and she may live to be 100 years of age. The amount to be ordered retained must be sufficient to meet all of the payments which she may be entitled to receive in any event, and no matter to what age she may live. The amount ordered retained is well justified by the reasoning applied in cases under a similar statute. See matter of *Heckscher*, 76 N. E. (2nd), 273, 297 N. Y. 668, affirming 72 N. Y. S. (2nd) 263, 272 App. Div. 880, and matter of *Reid*, 300 N. Y. S. 1083, affirmed 254 App. Div. 850, 6 N. Y. S. (2nd) 360. In this connection it is further to be remembered that at the death of the annuitant the unexpended balance of the retained assets, if any, will be distributed to those entitled thereto in due course of the completion of the administration of the estate. Such distribution will be made in strict accord with their respective priorities as to payment.

In the action at law brought by the *former wife* to recover installments due her under the contract, the bill of exceptions sufficiently raises but a single issue of law, to wit, who has the burden of proof with respect to payments under the contract and decree. The court ruled that the

burden of proving the same was upon the defendant. This ruling is challenged by the exceptions. More than one hundred years ago this court held that payment was an affirmative defense and that the plaintiff in a suit for breach of contract need not offer evidence negativing payment. *Witherell* v. *Swan*, 32 Me. 247, 250. For further cases showing that the burden of proof with respect to payment is upon the defendant see *Crooker* v. *Crooker*, 49 Me. 416; *Essex Fertilizer Company* v. *Danforth*, 111 Me. 212; *Fairbanks* v. *Barker*, 115 Me. 11; *Church* v. *Church*, 122 Me. 459 and *Hibbard* v. *Collins*, 127 Me. 383. These cases are in accord with the rule declared in Greenleaf on Evidence, 10th Ed. Vol. I, Sec. 516, Wigmore Code of Evidence, 3rd Ed. Rule 238, Page 506, Art. 18, Page 513, and I Jones on Evidence, 4th Ed. Sec. 179, Page 321.

The law applicable to the particular facts of this case is well stated in 40 Am. Jur. Sec. 278, Page 894, as follows:

"Where, under the terms of a written obligation, a specific sum of money becomes due and payable at a certain time, the production of such obligation establishes prima facie that the amount therein stipulated to be paid is due, and it is not incumbent on the person holding such obligation in the first instance to show either that demand has been made or that there has been a failure to comply therewith."

In 70 C. J. S. Page 298 it is stated:

"The general rule is that, where an indebtedness or obligation to pay has been established, the burden of proving payment is on the party who alleges it, x x x x x x x. The most frequent applications of this rule are found in actions on obligations for the payment of money, in which it is held that the fact of payment is a special or affirmative defense, and that proof of nonpayment is not necessary to establish a cause of action, even though a formal allegation of nonpayment is included in the bill, petition or complaint."

This special application of the general rule is supported by the cases cited in the footnote to the text of C. J. S. and especially by those in the footnotes found on the same subject in 48 C. J. 682, being notes 23 and 24. The presiding justice correctly applied the foregoing rules with respect to the burden of proof of payment to this case. The exceptions to this ruling that the burden of proof of payment was on the defendant must be and hereby are overruled.

The substantive rights of the *daughter*, Abigail Sard Trafford, and of the *son*, Russell E. Sard, Jr., founded upon the provision in the separation agreement that their father would execute a will providing "a bequest, in the sum of not less than Fifty thousand dollars ($50,000) to each of said children" and their claim that the father's will did not comply with the terms of said agreement are identical. The daughter sought to enforce her rights by an action at law. The son sought to enforce his rights by filing his private claim as executor in the Probate Court. As heretofore stated, the Justice of the Superior Court who heard the action at law, and who in his capacity as Justice of the Supreme Court of Probate heard the appeal from the allowance of the private claim of the son, awarded each of them the sum of $50,000 with payment thereof postponed as hereinbefore set forth. The bill of exceptions by the defendants in the suit at law contains the following allegations:

"The defendant contends that the provisions made for the plaintiff in the Will were a substantial compliance with the contract and that it was error to rule to the contrary.

Further, that plaintiff has no standing in this Court to bring suit in her own name, and the Court's ruling to the contrary was error.

Further, there was no evidence to support the amount of damages as found.

Further, the Court has no authority to postpone execution or to order that payment of the amount found to be due be postponed.

> To the foregoing rulings and findings the defendant, being aggrieved, seasonably excepted and presents this Bill of Exceptions and prays that the same may be allowed."

The second of the foregoing grounds of exception, "that plaintiff has no standing in this Court to bring suit in her own name," was not urged or mentioned by the appellant in her brief. Oral argument was waived. We have the right to and do consider this exception waived. *State* v. *Sutkus,* 134 Me. 100, 104, and cases cited. The third ground that there was no evidence to support the amount of damages as found is without merit. The contract was to make a provision in the sum of $50,000 and, if broken, the damages were $50,000. The fourth ground of exception, that the court had no authority to postpone execution or to order that payment of the amount found to be due be postponed, if erroneous, is not prejudicial to the appellant. This leaves but one ground of exception for consideration, which is the claim "that the provisions made for the plaintiff in the Will were a substantial compliance with the contract and that it was error to rule to the contrary." The grounds alleged for the exceptions to the decree in favor of the son on his private claim are the same as those to the judgment in favor of the daughter and the exceptions should be disposed of in the same manner by this court.

The seventh paragraph of the separation agreement entered into between the father of these claimants and their mother, his then wife, as set forth in the bill of exceptions was as follows:

> "SEVENTH: The husband and the wife each agree to execute a last will and testament wherein and whereby each of them will provide a bequest, in the sum of not less than Fifty thousand dollars ($50,000), to each of said children, with such limitations as to the payment of said principal sum as each of said parties may elect, but in any event such testamentary bequest shall provide that the

income on such bequest shall, during the minority of the beneficiary, be payable to said child for his or her maintenance and support."

The provisions of the will which it is claimed constitute a substantial compliance with the terms of the separation agreement are set forth in the bill of exceptions as follows:

"Upon the death of my said wife, but subject to the condition set forth below in this paragraph, I direct my Trustees to transfer, assign and pay over, and I give and bequeath, out of the principal of this trust fund, to my daughter, ABIGAIL S. TRAFFORD, and to my son, RUSSELL E. SARD, JR., to each of them, the sum of One Hundred Thousand Dollars, provided, in each case, that my said daughter or my said son, as the case may be, shall have survived me; it being my intent hereby to create, subject to the condition set forth below in this paragraph, in each of my said daughter and my said son who shall survive me a vested right to the payment of said sum, with only the time of payment thereof postponed until the death of my said wife. The foregoing provisions of this paragraph in favor of my said daughter and son are intended by me to be in performance of, and not in addition to, my agreement set forth in Article SEVENTH of a certain Agreement between myself and my former wife, Abbie I. Sard, dated the 25th day of July, 1930, and are, in each case, made conditional upon my said former wife and my said children executing and delivering to my executors within one year after my death the releases described in Article FIFTH of this my Last Will and Testament. If, however, either of my said children should die before me, leaving issue me surviving, I give and bequeath to such issue me surviving, in equal share *per stirpes* and not *per capita,* the same vested right to the future payment of One hundred Thousand Dollars which such child would have acquired under the foregoing provisions had he or she survived me and had my said former wife and my said children executed and delivered the releases as aforesaid.

The balance of this trust fund, or all of it in the absence of the releases mentioned in the next preceding paragraph hereof, I direct my Trustees upon the death of my said wife, Rebekah Wilmer Sard, to transfer, assign and pay over, and I give, devise and bequeath the same, in equal shares to such of my daughter, ABIGAIL S. TRAFFORD, and my son, RUSSELL E. SARD, JR., as shall survive my said wife and the respective issue surviving my said wife, taken collectively, of each of them who shall have predeceased my said wife leaving issue so surviving; the respective issue of each of said two children who shall have predeceased my said wife to take, in equal shares *per stirpes* and not *per capita*, that share which such child would have taken had he or she survived my said wife.

B. If my said wife, Rebekah Wilmer Sard, should not survive me, I give, devise and bequeath my said residuary estate in equal shares to such of my daughter, ABIGAIL S. TRAFFORD, and my son, RUSSELL E. SARD, JR., as shall survive me and the respective issue surviving me, taken collectively, of each of them who shall have predeceased me leaving issue so surviving; the respective issue of each of said two children who shall have predeceased me to take, in equal shares *per stirpes* and not *per capita*, that share which such child would have taken had he or she survived me."

The releases referred to as described in Article Fifth of the will were (1) a release by the former wife, Abbie I. Sard, of the estate "from any obligation which it may be under to her by virtue of" the separation agreement and (2) releases by Abigail S. Trafford and Russell E. Sard, Jr., daughter and son, of "my estate from any obligation imposed upon me or my estate in and by article Seventh of said Agreement."

The claim that the foregoing provisions of the will, conditioned as they are upon the execution of the releases described therein, and with no provision for payment to the

son and daughter of either income or principal until after the death of the testator's widow, constitute a substantial performance of the agreement is so devoid of merit that it needs no extended consideration by this court. The Justice of the Superior Court in commenting upon the terms of the separation agreement as entered into by their father and mother well said:

"It is inconceivable that their language was designed to open the door to the imposition of unreasonable restrictions and conditions under the guise of 'limitations.' The testator married again and as so often happens, he sought to favor his second wife and prefer her interests over those of his children. By his will, the contractual $50000 bequests were to be paid only at the end of a life estate in favor of his second wife, and then only upon the giving of releases by his first wife and children which would substantially negative the contractual rights which they owned. That our Court would not consider such a bequest as conforming to the contractual obligation seems evident from a study of the cases. (See Bank v. Tracy, 115 Me. 433)."

This appraisal of the attitude of this court with respect to this question by the court below was correct. The provisions of the will of the father for the children do not substantially or even approximately comply with the terms of the separation agreement. The exceptions to the decision of the Justice of the Superior Court in the action at law brought by the daughter and to the decree of the Supreme Court of Probate in the appeal case involving the private claim of the son must be and hereby are overruled.

The entries in the several cases will be as follows:

> *Law Docket No. 1317 — Exceptions overruled.*
> *Law Docket No. 1318 — Exceptions overruled.*
> *Law Docket No. 1319 — Exceptions overruled.*
> *Law Docket No. 1320 — Exceptions overruled.*
> *Law Docket No. 1321 — Exceptions overruled.*