PUBLIC LOAN CORPORATION

*vs.*

BODWELL-LEIGHTON COMPANY

Cumberland.   Opinion, June 14, 1952.

PER CURIAM

On exceptions to decision of a single justice who found for the defendant in a jury waived case.   The action was replevin for an automobile by the holder of a duly recorded mortgage against a garage proprietor which sought to justify retention of possession on two liens, viz.: a common law lien for repairs and a statutory lien for storage (R. S., c. 164, § 61).   The repairs were performed and the storage undertaken without the knowledge of the plaintiff and at the instance of the mortgagor in possession after default. Neither the bill of exceptions nor the record shows upon what grounds the justice found for the defendant, nor does it appear whether he sustained both liens or but one, or, if but one, which lien he sustained.

The decision of a single justice hearing a jury waived case by agreement of the parties is final and conclusive both as to facts and law unless the right to exceptions be reserved.   Such right to exceptions may be reserved only as to matters of law.

The bill of exceptions after reciting that the court found for the defendant states:

"To all which rulings and findings the said plaintiff is aggrieved and excepts and moves that the judgment be set aside for the following reasons:

1. Because it is against the law.   2. Because it is against the evidence.   3. Because it is manifestly against the weight of the evidence."

The rules governing the sufficiency of bills of exceptions generally, and those attacking the decision of a single justice in a jury waived case have been so recently and repeatedly declared by us that to repeat them here would serve no useful purpose. See *Sard* v. *Sard et al.,* 147 Me. 46; *Heath et al. Applts.,* 146 Me. 229, 232-4; *Bradford* v. *Davis et al.,* 143 Me. 124; *Bronson, Applt.,* 136 Me. 401; *Wallace* v. *Gilley and Trustee,* 136 Me. 523; *Gerrish, Exr.* v. *Chambers,* 135 Me. 70; *Dodge* v. *Bardsley,* 132 Me. 230; *Jones* v. *Jones,* 101 Me. 447; *McKown* v. *Powers,* 86 Me. 291.

The bill of exceptions does not set forth any erroneous ruling of law upon which the decision was based. Ground numbered (1) is insufficient. It does not present in clear and specific phrasing the issue of law to be considered. *Bronson, Applt. supra.* Those numbered (2) and (3) do not allege errors in law. *Sard* v. *Sard et al. supra.*

Nor can we treat the bill of exceptions as a motion for a new trial on the three grounds stated, which would be sufficient allegations in cases where such motions lie. The decision of a single justice in a jury waived case is subject to attack only by exceptions, not by motion. See *Sears, Roebuck and Co.* v. *Portland et al.,* 144 Me. 250, 256, 257, and the authorities therein cited.

*Exceptions overruled.*

*Basil A. Latty,* for Plaintiff.

*Jacobsen & Jacobsen,* for Defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.