## IN THE

# SUPREME JUDICIAL COURT,

## IN THE

# COUNTY OF WALDO,

### ARGUED JULY TERM, 1847.

Jacob Elwell, *Guardian, versus* Gilmore Sylvester.

A review of the judgment and proceedings on a petition for partition can be granted only upon the application of a party to the former process, or of one representing the interest of a party. There is no provision in the statutes authorizing a person, interested in the estate divided, *to be first admitted to become a party to the proceedings after the partition has been ordered, and the proceedings have been finally closed.*

Where a petition for a review of the judgment and proceedings on a petition for partition has been presented in the name of one as guardian and in behalf of certain minors, and notice has been ordered thereon, and the opposing party has appeared, it cannot be amended so as to make the minors the petitioners by such person as their guardian.

THE facts appear in the opinion of the Court.

*F. Allen,* for the petitioner, contended that the review might well be granted on the petition of any one interested in the estate, and cited Rev. Stat. c. 123, § 1.

And it is the duty of the guardian of minors to attend to this petition in their behalf. St. c. 121, § 10.

He moved for leave to amend the petition for a review by changing its present form to one by the minors, by the same person as their guardian.

*W. G. Crosby,* for the respondent, objected that the petition

could not be maintained in the name of the guardian of the minors. It is his petition, not theirs.

But if the petition for the review had been presented by the minors, it could not be sustained. The writ of review can only be sued out by a party to the former proceedings, or by a representative of a party. Rev. St. c. 123, § 10 ; *Mitchell* v. *Starbuck*, 10 Mass. R. 9.

No complaint is made, save of an unequal division, and that, had it existed, could only be righted on the return of the report for acceptance.

The opinion of the Court was prepared by

SHEPLEY J. — This is a petition to obtain a review of the judgment and proceedings on a petition for partition. The respondent entered a petition for partition at the August term of the district court, in the year 1844, against persons unknown. Notice was ordered, and Samuel Duncan only appeared as a respondent at the term of that court holden in February, 1845. That court, at its August term, 1845, ordered, that partition be made, and appointed commissioners to make it. The report of the commissioners was made and accepted at February term, 1846. Electa Alexander appears to have been an owner of an undivided portion of the premises, until after the commissioners had notified and heard the parties interested, and had made out their report. She then deceased, and her estate in the premises descended to her heirs, for a part of whom the petitioner is guardian. Neither Electa Alexander, nor her heirs at law, became parties to those proceedings. There is now no allegation or proof, that the original petitioner claimed a greater share, than he owned, or that the judgment for partition was not legally and regularly entered. The complaint is, that the commissioners made an unequal partition of the premises. Although Electa Alexander did not appear and become a party to those proceedings, she appears to have had a knowledge of them. Her illness may have prevented her from attending to them; but her eldest son appears

to have represented her interest before the commissioners, whose report was accepted after a full hearing before the Court.

The counsel presenting this petition for a review desires to amend it, so as to make the minors petitioners by their guardian instead of presenting him as the petitioner in their behalf. If this were a suit at law by Elwell as the guardian of certain minors named, any judgment, which might be rendered, must be entered in his favor. It could not be entered in favor of the minors, for whom he professed to be acting. To allow an amendment, that would substitute the minors as the party plaintiff would be to introduce another party, in whose favor the judgment should be rendered, if one were obtained. This would be inadmissible.

It is not perceived, that there can be any substantial difference in this respect between proceedings by petition and by action. If there be a judgment rendered on a petition, it must be in favor of or against the petitioner.

But if the amendment were allowed, another insuperable difficulty is presented. The Court would then be called upon to grant a review of a cause on the application of strangers to it. For these minors were not parties, nor was the estate, which they have inherited, represented in those proceedings by their ancestor. This Court is indeed authorized by statute, c. 123, § 1, to grant reviews in civil actions, including petitions for partition. But where a review is granted, the course of proceeding is prescribed by statute, c. 124. There is no provision for the introduction of a new party. Proceedings between the same parties only are contemplated by the statute. When there has been an issue joined between them, the cause on review is to be tried upon that issue. When the judgment was rendered on default without any issue joined, the proper pleadings are to be made by the parties. The statute prescribes what judgment may be recovered by each party. A review only brings the former parties and their proceedings before the Court. It can do no more. The writ of review must be sued out by a party to the former suit or by one rep-

resenting the interest of a party.   There is no provision in the statutes authorizing a person interested in the estate divided, to be first admitted to become a party to the proceedings, after partition has been ordered, and the proceedings have been finally closed.   If the Court should entertain this petition and grant its prayer, neither the petitioner nor the minors could be profited by it, for they would not thereby become parties to the former proceedings; and there is no provision made, by which they could be admitted to become parties to them.

*Petition dismissed with costs for respondent.*