WILLARD P. HAMILTON et als.

*vs.*

CARIBOU WATER, LIGHT & POWER COMPANY.

Aroostook.    Opinion July 8, 1922.

*The Public Utilities Commission is not a court, though clothed with certain judicial*
*powers.   Its functions are mainly legislative and administrative.   Acting*
*within its powers its orders and decrees are final except as a review by the*
*regularly constituted courts is authorized by the act creating it, and*
*which under the act only relate to questions of law.    This court will*
*not review the evidence on which the findings of the commission*
*are based unless it is claimed that a finding of the com-*
*mission is without any substantial evidence to*
*support it.*

The bill of exceptions filed in this case does not conform to the practice estab-
lished in this court, nor have the commission found the facts upon which its
rulings were based.   The question argued in the brief of counsel cannot,
therefore, be fully determined in these proceedings.

The commission having found that the water furnished by the utility in this
case was unfit for drinking purposes this court cannot say as a matter of law
that the rates fixed by the commission are unreasonable and unjust.   They
may be all that the service is reasonably worth to the consumer.

It is clearly the duty of the commission under the act to set forth the facts, at
least, if requested by any interested party, upon which its rulings are based;
otherwise the remedy provided by the statute in case of erroneous rulings
may be rendered futile.

The commission not having made any findings as to the value of the property, the
income and operating expenses of the utility, this court cannot determine
upon the bill of exceptions in this case that the rates are confiscatory.   In
case they prove to be confiscatory they may be corrected upon a new peti-
tion.   Courts of equity in such cases have also furnished relief.

On exceptions.   *Willard P. Hamilton et als.* v. *defendant.*   Re
Investigation by the Public Utilities Commission.    And *H. H.*
*Whitney* v. *defendant,* were the three matters in which the Commission
rendered decisions, and the Caribou Water, Light & Power Com-
pany in each instance alleged exceptions, and the matters went to

the Law Court for determination. The petitioners alleged that the water supplied by said Company was impure and unfit for domestic use; that the present source of supply was contaminated by surface drainage and sewage, and that there was no efficient system of purification, yet the Company continued to supply water and to charge the same rates as if the water were pure. The Caribou Water, Light & Power Company filed with the Commission its schedule of rates, effective January 1, 1919, whereby certain increases were proposed to be made in the schedule of rates and charges of that Company on file with the Commission at that time. Exceptions overruled.

The case is fully stated in the opinion.

*W. K. Hamilton, Cyrus F. Small and Pattangall & Locke,* for complainants.

*Powers & Guild,* for respondents.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

WILSON, J. This case comes before this court on exceptions to an order and decree of the Public Utilities Commission.

Questions are raised and argued in the briefs of counsel which are not properly before this court upon the bill of exceptions presented or cannot be determined upon the facts found by the Commission. But since the practice in such proceedings has not become established, the questions raised will be considered so far as the case before us will permit.

Though clothed with certain judicial powers, the Public Utilities Commission is not a court in the strict sense of the term. Its functions are mainly legislative and administrative and not judicial. *Prentis* v. *Atlantic Coast Line,* 211 U. S. 210, 225-227. Acting within its powers, its orders and decrees are final except as a review thereof by the regularly constituted courts is authorized under the Act creating the Commission.

Such and the only power of review is found in R. S., Chap. 55, Sec. 55, as amended by Chapter 28, Public Laws 1917, and relates only to questions of law. "Questions of law may be raised by alleging exceptions to the rulings of the Commission on an agreed statement of facts, or on facts found by the Commission."

The facts on which the rulings of the Commission are based must be either agreed to by the parties or be found by the Commission. Facts thus determined upon are not open to question in this court, unless the Commission should find facts to exist without any substantial evidence to support them, when such finding would be open to exceptions as being unwarranted in law.

A bill of exceptions under this statute should accord with the general practice in the courts and comply with the requirements laid down in *Jones* v. *Jones*, 101 Maine, 447, 450; *Feltis* v. *Power Co.*, 120 Maine, 101. It should not be general, but should specifically set out in what respect the party excepting is aggrieved.

An examination of the findings and orders of the Commission and the bill of exceptions shows that neither has the requirements of the statute in respect to findings by the Commission, nor the practice in the courts in the making up of the bill of exceptions, been complied with.

The only facts found by the Commission were, that the water supplied by the Utility was not suitable for drinking by reason of pollution, and that the rates filed by the Company with the Commission were unreasonable, unjust and unlawfully discriminatory, the reasonableness of rates being a mixed question of law and fact.

To this order the Company filed its exceptions alleging generally that it was erroneous in law. Counsel in their brief, however, argue as grounds for their exceptions: (1) that there is no evidence justifying the rates fixed by the Commission; (2) that in fixing the rates the Commission disregarded certain requirements of the statutes upon which its authority to fix rates is based; (3) that the rates fixed by the Commission are so low as to be confiscatory and therefore unlawful.

The exceptions cannot be sustained on the first ground. The findings of the Commission upon questions of fact must be given the weight and effect due to the decisions of a tribunal authorized by law and qualified by training and experience. This court will not review the evidence upon which such findings are based. Only in case its findings of fact are unsupported by any substantial evidence may the court hold them erroneous as a matter of law and subject to exceptions. The Commission having found that the water furnished by the Company is unfit for drinking purposes, this court cannot say as a matter of law that the rates filed by the Company

were reasonable and just and those ordered by the Commission are unreasonable and unjust. The latter may be all the service is reasonably worth to the consumer.

Neither can we say upon its findings that the Commission disregarded any of the elements prescribed by the statute as the basis for determining what are reasonable rates. While their findings of fact do not show what the facts were on which their order was based, except the impurity of the water, we cannot assume that they disregarded plain requirements of the law.

Since the burden is upon the Utility which sets up and relies upon such a contention, it is clearly the duty of the Commission under the statute, at least, if requested by any of the interested parties, to set forth in its orders and decrees the facts on which its order is based, otherwise the remedy provided by the statute for any erroneous rulings of law may be rendered futile.

As to the third objection raised by counsel that the rates fixed by the Commission are confiscatory, the court is confronted by the same conditions. The Commission not having made any findings as to the value of the property devoted to the public use, or determined the amount of its income and operating expenses, upon the case as presented by the findings of the Commission and the respondent's bill of exceptions we are unable to say that the rates are confiscatory. Evidence was introduced as to values, income and operating expenses, but this court has no power to determine facts, nor do we think it warranted in assuming that the Commission disregarded the evidence in arriving at its conclusions.

This court and the Federal Supreme Court, however, have repeatedly said that the rates charged by a Utility must be reasonable both to the Utility and to the consumer. The public is entitled to demand that no more be exacted for the service of a public utility than the services rendered are reasonably worth. *Smyth* v. *Ames,* 169 U. S., 466, 547; *Kennebec Water Dis.* v. *Waterville,* 97 Maine, 185, 202. The reasonableness of rates relates both to the company and to the customer. "Rates must be reasonable to both, and if they cannot be to both, they must be to the customer." *Water Dis.* v. *Water Co.,* 99 Maine, 371, 380.

It would be quite as objectionable to take from the consumer more than the service was reasonably worth, as it would to deprive the Company of a fair return upon a fair value of its property. If the

rates established represent the maximum reasonable value of the service to the consumer, it cannot be said that they are confiscatory as to the Company, whatever may be the result upon its returns.

Since the findings of the Commission do not disclose any facts on which the exceptions filed by the respondent company can be sustained, the exceptions must be overruled. In case the rates established by the Commission prove in practice to be confiscatory, they may be corrected upon a new petition under R. S., Chap. 55. Courts sitting in equity have also in such cases granted relief. *Prentis* v. *Atlantic Coast Line,* supra; *Smyth* v. *Ames,* supra; *Brcnx Gas & Electric Co.* v. *Pub. Service Commission,* 180 N. Y., Supp. 38.

> *Exceptions overruled. The Clerk of this Court to so certify to the Clerk of the Public Utilities Commission.*