IN RE THE SAMOSET COMPANY.

Cumberland.    Opinion January 27, 1926.

*The Law Court is expressly precluded from reviewing the findings of fact by the Public Utilities Commission in the granting of licenses to the operators of motor buses, unless they are made without any evidence to support them; neither can it review the judgment of the Commission as to public policy or the discretion vested in it under the statute.*

*Questions of law may be raised on exceptions by a party to the procedure provided the bill of exceptions conforms, so far as possible, to the practice in the courts of law, consisting of a summary statement of the contentions of the excepting party without reference to other documents or the evidence, except in cases where it is contended that facts were found without evidence, and should also show wherein the excepting party was aggrieved.*

In the instant case in so far as the grounds of complaint set forth in bill of excep-
tions involve any rulings of law, they cannot be sustained.    The question of
which of two petitioners can best serve the interest of the public is a matter
intrusted by the Legislature to the sound judgment and discretion of the
Commission.    It is not a judicial question subject to review by the Law Court.

On exceptions.    Carter and Mileson, a corporation, was granted a
license by the Public Utilities Commission to operate a public car
between the city of Portland and the town of Naples, under Chapter

211 of the Public Laws of 1923, the application upon which the license was granted requested that the route extend from Portland to the town of Bridgton but the Commission limited the route from Portland to Naples. Subsequently, The Samoset Company, a subsidiary of the Maine Central Railroad, filed an application with the Commission for the right to operate over the same route between Portland to and including the town of Bridgton, and soon thereafter Carter and Mileson, and also Maine Motor Coaches, Inc., filed applications for permission to operate over the same route as that sought by The Samoset Company. A public hearing was held by agreement on all the petitions at the same time, at which parties were represented and gave evidence, and after the hearing the Commission granted the petition of The Samoset Company and dismissed the others, and exceptions were taken by Carter and Mileson. Exceptions overruled.

The case fully appears in the opinion.

*Edward W. Wheeler*, for The Samoset Company.

*Elton H. Thompson*, for Carter and Mileson.

*George F. Eaton*, for Maine Motor Coaches, Inc.

SITTING: WILSON, C. J., PHILBROOK, DUNN, MORRILL, DEASY, STURGIS, JJ.

WILSON, C. J. This matter comes before this court on the exceptions of Carter and Mileson to alleged rulings and findings of the Public Utilities Commission in granting a license to The Samoset Company under Chapter 211, Public Laws, 1923, the exceptions being certified to the Chief Justice under Sec. 55, Chap. 55, R. S.

Carter and Mileson is a corporation operating motor buses for the carriage of passengers and was also a petitioner for a license to operate over the same route as that covered in the petition of The Samoset Company, a part of which route Carter and Mileson were already serving under a license previously granted.

The procedure is not provided in the acts vesting in the Public Utilities Commission the granting of licenses in such cases, except that questions of law may be raised on exceptions in the same manner as provided in Sec. 55 of Chap. 55, R. S. To be entitled to exceptions, one should in some way be a party to the proceedings. Parties having an interest and appearing in opposition should upon request be permitted to be joined, in order that their rights may be protected.

In the instant matter, by consent, the petitions of these parties were heard together and to give the right of exceptions to rulings on the petition of the other, each must be regarded as joined in opposition to the petition of the other, otherwise the right of exception of Carter and Mileson must be confined to rulings in the denying of its petition.

This court desires to further add, that the form of a bill of exceptions in such cases should, so far as possible, conform to the practice in the courts of law, Sec. 59, Chap. 55, R. S., *Hamilton* v. *Water Co.*, 121 Maine, 422, and should be a summary statement of the contentions of the excepting party and, without referring to other documents or the evidence, except in cases where it is claimed that facts were found without any evidence, should show wherein the excepting party was aggrieved by the alleged rulings. This court should not be compelled to search through volumes of testimony or exhibits and schedules and the findings of the Commission, with which these cases are usually replete, to ascertain what rulings were made or wherein the party excepting was aggrieved. *Feltis* v. *Power Co.*, 120 Maine, 101; *Hamilton* v. *Water Co.*, supra.

This court has no power, as it is requested to do in brief of counsel, to review the entire proceedings before the Commission. It is expressly precluded from reviewing the findings of fact, unless they are made without any evidence to support them. It cannot review the judgment of the Commission as to public policy or the discretion vested in it under this statute. *Maine Motor Coaches, Inc.* v. *Public Utilities Commission*, 125 Maine, 63, 130 Atl., 866; *Hamilton* v. *Water Co.*, supra.

As to how Carter and Mileson were aggrieved by the finding of the Commission the only complaints made in the bill of exceptions are: that the Public Utilities Commission should have taken into consideration the fact that a prior application of Carter and Mileson had been made for a license to operate over the route in question, and preference also should have been given it because it is now operating a motor bus over a part of the route, and that before The Samoset Company should receive a license, the parent company, the Maine Central R. R., should show it was furnishing adequate service in a proper manner in the field it then occupied, viz., in operating the Bridgton & Saco River R. R., which was in a measure serving the terminals of the route described in the petition.

In so far as these complaints involve any rulings of law or imply a ruling by the Commission contrary to the interests of Carter and Mileson, they cannot be sustained; nor does it appear that the Commission did not take into consideration all the conditions assumed to exist in these complaints.

The question of which of these petitioners could best serve the public in view of all the existing circumstances is a matter left by the Legislature to the sound judgment and discretion of the Public Utilities Commission.   It is not  a judicial question subject to review by the courts.   *Hamilton* v. *Water Co.,* supra, *In re Caribou Water Co.,* 121 Maine, 426.

As the bill of exceptions does not set forth any erroneous rulings of law, the exceptions must be overruled.

> *The Clerk of the Law Court will so certify to the Clerk of the Public Utilities Commission.*