DAMARISCOTTA-NEWCASTLE WATER COMPANY

*vs.*

ITSELF, RE: INCREASE IN RATES.

Lincoln.      Opinion, September 1, 1936.

*Ernest L. McLean,* for plaintiff.
*George A. Cowan,*
*Pattangall, Williamson & Birkenwald,* for defendants.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

THAXTER, J. This case is before us on exceptions to certain rulings of the Public Utilities Commission. The Damariscotta-Newcastle Water Company, which furnishes water to the towns of Damariscotta and Newcastle, filed a complaint with the commission against itself seeking an increase in its rates. As a basis for such relief it asked the commission to determine the rate base and the investment on which it should be entitled to a fair and reasonable return. The Inhabitants of Damariscotta appeared in the hearings and claim to be aggrieved by the rulings of the commission.

There are three exceptions before this Court. The first is to the exclusion of evidence offered to show the price for which the utility was purchased in 1924 by its present owner. The second is to the failure of the commission to consider such price. These two exceptions are substantially the same and will be considered together. The third exception is to the order of the commission concerning the amount to be paid by the Town of Damariscotta for fire service.

The property here in question has been subject to numerous vicissitudes. In 1919 it was sold to the Twin Village Water Company; a receiver for this corporation was appointed in 1922; and the property was bought from the receiver in 1924 by its present owner. The commission excluded evidence as to the price paid at such sale.

It is unnecessary for us to decide whether or not such ruling was technically correct. Substantial prejudice by reason of the exclusion must be shown. In a recent case where the issue concerned the factors which determine value for purposes of taxation, this same question was discussed. It was there said that the purchase price might be considered, if the property was not sold under stress or under unusual conditions. The property there involved was sold at a receiver's sale, and the case holds that such price is of small consequence in determining its true worth. *Sweet* v. *City of Auburn*, 134 Me., 28, 180 A., 803. There is nothing in the case of *Fogg* v. *Hill*, 21 Me., 529, *Norton* v. *Willis*, 73 Me., 581 and *Mullen* v. *Eastern Trust and Banking Company*, 108 Me., 498, 81 A., 948, which conflicts with such principle.

A glance at the findings of the commission indicates that careful consideration was given to the essential elements which establish the

value of such a property. After the exhaustive analysis which the commission has made of the value, it would be futile to send this case back with directions to consider an element, which at best this Court has said is of minor importance, and especially where there is absolutely nothing to indicate that such procedure would have any tendency to change the result.

Though it is true that under the provisions of R. S. 1930, Chap. 62, Sec. 67, in hearings before the Public Utilities Commission the ordinary rules of evidence apply, yet the mere erroneous admission or exclusion of evidence will not invalidate an order of the commission. Substantial prejudice must be affirmatively shown. See *Northern Pacific Railway Company* v. *Department of Public Works of Washington,* 268 U. S., 39, 44; *United States* v. *Abilene & Southern Railway Company,* 265 U. S., 274, 288.

The commission found that some increase in the income of the company was justified, and also that the revenue from fire service had not produced a proper proportion of the total revenue. Findings of fact by the Public Utilities Commission will not be disturbed, if supported by any substantial evidence. *Hamilton* v. *Caribou Water, Light & Power Company,* 121 Me., 422, 117 A., 582; *In re The Samoset Company,* 125 Me., 141, 131 A., 692; *Gay* v. *Damariscotta-Newcastle Water Company,* 131 Me., 304, 162 A., 264. There is nothing to indicate that the findings of the commission on these points are not fully justified, for the evidence on which they are based is not before us.

The town, however, appears to center its attack on the method which the commission used to determine the amount of increase, which the town should pay for fire service. The town had twenty-one hydrants. The commission made no determination of the sum that should be charged per hydrant, but ruled that Damariscotta should pay $4,500 for fire service instead of $2,835 which it had been paying, and that the company should install nine additional hydrants without cost to the town. Counsel contend that this order in effect forced the town to take nine additional hydrants which it did not want and did not need. We can not accept this view. The number of hydrants is not controlling on what the town should pay. The size of mains, the pressure, and the amount of storage all are important factors which enter into the cost of this service.

Certainly in the absence of evidence we can not hold that the commission's method of arriving at the result was not proper.

*Exceptions overruled.*