STATE OF MAINE
APPLICATION OF JOHN A. BALLARD
RE: CONTRACT CARRIER SERVICE

Kennebec.   Opinion, September 25, 1956.

*Frank Libby,* for P. U. C.
*Richard J. Dubord,* for John A. Ballard.

*Raymond E. Jensen,* for Intervenors.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU,
TAPLEY, JJ. MURRAY, A. R. J. CLARKE, J., did not sit.

MURRAY, A. R. J.   In this matter John A. Ballard of
South Portland filed an application with the Maine Public
Utilities Commission for a permit to operate motor vehicles

as a contract carrier upon the public highways of the State of Maine. The request was to transport steel products from the Bancroft & Martin Rolling Mills plant at South Portland to the company's customers in different parts of Maine.

The Commission granted the permit as requested, and Congdon Transportation and Cole's Express, who had intervened, took three exceptions to the ruling of the Commission.

Exception 1 and 3 raised the basic question whether there was any substantial evidence to support the finding and decree of the Commission. Exception 2 deals with a motion made by the exceptors to strike from record, what they call record of an illegal operation by the petitioner prior to the time of his petition.

We shall consider the latter exception first. We assume, for this discussion, that it is a question of admissibility of evidence. To make the discussion clear, we quote in part from R. S. 1954, Chapter 44, Sec. 63: "* * * When objection is made to the admissibility of evidence, the examiner shall note the same * * *. The Commission shall disregard or consider the evidence so objected to * * * and shall report its rulings thereon in its decree of the case."

This exception alleges that the Commission erred in its ruling denying the motion to strike from the record, and in considering the evidence sought to be struck.

"* * * On hearings before the Public Utilities Commission the ordinary rules of evidence apply, yet the mere erroneous admission or exclusion of evidence will not invalidate an order of the Commission. Substantial prejudice must be affirmatively shown." *Public Utilities Commission* v. *Gallop*, 143 Me. 290, 299, citing above from *Damariscotta-Newcastle Water Co.* v. *Itself*, 134 Me. 349.

Assuming, without admitting this evidence to be inadmissible, no substantial prejudice has been shown nor that the intervenors were aggrieved.

Exceptions 1 and 3. In *O'Donnell, Petitioner*, 147 Me. 259 at page 260, this court through the late Justice Nulty said: "This Court has very recently, on two occasions, pointed out to the profession its duties and powers in cases coming before it on exceptions to the rulings of the Public Utilities Commission * * *. It should not be necessary to repeat them * * *." And on page 262: "It is expressly precluded from reviewing the findings of fact, unless they are made without any evidence to support them. It cannot review the judgment of the Commission as to public policy or the discretion vested in it under this statute."

These exceptors, in brief and argument, agree apparently that the above is the law but insist that there is no evidence to support the decree.

"If a factual finding, basic of an order of the Commission, is supported by any substantial evidence, that is, by such evidence as, taken alone, would justify the inference of the fact, the finding is final. *Hamilton* v. *Caribou, etc. Company*, 121 Me., 422, 424. Here, as with a jury verdict, a mere difference of opinion between court and Commission, in the deductions from the proof, or inference to be drawn from the testimony, will not authorize the disturbance of a finding.

On the other hand, whether, on the record, any factual finding, underlying order and requirement, is warranted by law, is a question of law, reviewable on exceptions. Hamilton v. Caribou, etc. Company, supra." *Gilman* v. *Telephone Co.*, 129 Me. 243, 248, 151 Atl. 440.

While we do not see substantial evidence to support the decree as written, we do see substantial evidence to support a modified decree. We feel that the part of the decree as to

Edmund Nadeau should stand in full, there being no objection made thereto, and that the part as to Bancroft & Martin Rolling Mills should stand in part only. While there seems to be substantial evidence to support a decree granting a permit to points not now reached by common carriers, there appears to be no evidence whatever to sustain the granting of a permit to carry to points already served by common carriers.

". . . the convenience and necessity, proof of which the statute requires, is the convenience and necessity of the public, as distinguished from that of any individual, or group of individuals." *Re: Chapman,* 151 Me. 68; *Re: John M. Stanley,* 133 Me. 91, 93, 174 A. 93.

> *Exceptions sustained.*
> *Case remanded to the Maine Public Utilities Commission for a decree upon the existing record, in accordance with this opinion.*