**BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF WASHINGTON et al.**

**v.**

**MAINE CENTRAL RAILROAD COMPANY.**

Supreme Judicial Court of Maine.

Sept. 15, 1975.

---

Verrill, Dana Philbrick, Putnam & Williamson by Roger A. Putnam, Robert A. Moore, Portland, for appellants.

Pierce, Atwood, Scribner, Allen & McKusick by Vincent L. McKusick, James G. Good, Scott W. Scully, Gen. Counsel, Maine Central R. Co., Portland, Horace S. Libby, Thomas R. Gibbon, Public Utilities Commission, Augusta, for appellees.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WER-

NICK, ARCHIBALD and DELAHANTY, JJ.

WERNICK, Justice.

In July of 1973 the Maine Central Railroad Company advised the Public Utilities Commission that it proposed to close its Agency Station at Cherryfield, Maine and to place the traffic handled by it under the jurisdiction of the Railroad's Agencies at Ellsworth and Machias.

Exercising its discretionary and investigatory powers, the Commission, after proper notice, held a public hearing on the matter on October 5, 1973 at Harrington, Maine. Only the Railroad entered an "appearance" as provided by P.U.C. Rule 4.3.[1] The Railroad presented oral testimony of four witnesses in support of its proposal. Eight other persons, some of them purported "appellants" here, were witnesses testifying in opposition to the closing.

The Commission issued an Order on May 7, 1974 embodying various findings of fact and conclusions and granting the Railroad permission (subject to conditions not here material) to close the Cherryfield Agency and reroute traffic previously served by the Agency to Ellsworth and Machias.

Purportedly pursuant to Rule 5 of the Commission's Rules of Practice and Procedure, a "Petition for Reconsideration, Rehearing and Reopening"[2] was filed with the Commission on May 24, 1974 by the Board of County Commissioners within

---

1. P.U.C. Rule 4.3 states:
   "A person desiring to participate in a proceeding, whether on his own behalf or as an authorized agent or attorney, shall enter his appearance by giving his name and address and the name of any party he represents."

2. P.U.C. Rule 5 reads:
   "Applications for rehearing to change, modify or vacate a decision or order of the Commission shall be by petition, four copies of which shall be filed with the Commission, and such application must be made within 20 days after service of any determination or order and shall set forth specifically the grounds upon which the applicant considers said decision or order to be unreasonable, unlawful or erroneous. Copies shall be served on all parties or their attorneys of record on or before date of filing.
   "Parties may apply to the Commission to reopen a proceeding for the purpose of rescinding, amending, or altering an order or determination in the same manner as prescribed in the preceding paragraph.
   "Any application for rehearing or reopening not granted within 20 days from date of filing shall be deemed to be denied."

and for the County of Washington, Jasper Wyman & Son, L. Ray Packing Co., A. L. Stewart & Sons, International Peat Moss, Inc., Handy Pinkham and the Inhabitants of the Town of Cherryfield.

On June 14, 1974 the Commission denied the "Petition." Petitioners then filed, on June 26, 1974, a purported notice of "appeal" under 35 M.R.S.A. § 303.[3] It is this ostensible "appeal" which is now before us and which seeks our review of various deficiencies alleged to exist in the findings and conclusions of the Commission's Order.

■ We dismiss the appeal for want of a qualified appellant.[4]

■ The Commission's powers and the relationship of the Commission to the Courts is governed entirely by statute. *Heath v. Maine Public Service Company*, 161 Me. 217, 210 A.2d 701 (1965). Our fundamental inquiry, then, is whether under the overall statutory scheme establishing the manner of the Commission's functioning and of the review of its actions by the Courts, the persons purporting to be "appellants" here have such relationship to the proceedings as would confer upon them capacity to appeal to this Court under 35 M.R.S.A. § 303.

35 M.R.S.A. § 3 confers upon the Commission authority to ". . . make all necessary rules and regulations." 35 M.R.S.A. § 308 establishes that in proceedings before the Commission

> "the practice and rules of evidence shall be the same as in civil actions in the Superior Court except as otherwise provided."

With certain exceptions not here applicable, an appeal from a final decision of the Commission

> "may be taken to the law court on questions of law in the same manner as an appeal from a judgment of the Superior Court in a civil action." 35 M.R.S.A. § 303

14 M.R.S.A. § 1851 further provides that

> "[i]n any civil case any *party* aggrieved by any judgment . . . may appeal therefrom to the law court . . . ." (emphasis supplied)

Applying these statutory provisions to the instant record, we are convinced that the purported "appellants" were not the formal *parties* to the Commission proceedings who alone are entitled to appeal to this Court under 35 M.R.S.A. § 303.

At the October 5, 1973 hearing none of the persons now seeking to be "appellants" entered an appearance either in accordance with P.U.C. Rule 4.3 or Rule 16.7.[5] Nei-

---

3. 35 M.R.S.A. § 303, says:

> "§ 303. *Questions of law; certification of decisions*

> "An appeal from a final decision of the commission may be taken to the law court on questions of law in the same manner as an appeal from a judgment of the Superior Court in a civil action. Wherever a statute or rule regulating the taking of an appeal from the Superior Court in a civil action uses the term 'the court,' the 'clerk,' the 'clerk of courts,' or a similar term, they shall for purposes of an appeal from the commission be read, respectively, as 'the commission,' 'the secretary of the commission,' or other appropriate term. The result shall be certified by the clerk of the law court to the secretary of the commission and to the clerk of the Superior Court for Kennebec County, the prevailing party to recover costs to be taxed by said Superior Court in accordance with the law for the taxation of costs on appeal in civil actions. Execution for such costs shall be issued from the Superior Court of Kennebec County in the same manner as in actions originating therein."

4. Because we find that none of the "appellants" possesses the requisite capacity to appeal, we do not reach the question whether appellants Board of County Commissioners of Washington County and the Inhabitants of the Town of Cherryfield, as purely statutory creatures, acted ultra vires before the Public Utilities Commission.

5. P.U.C. Rule 16.7 provides:
   "All other persons, except those as outlined in Rule 16.1, who believe that they may be

ther did they seek to achieve intervenor status in accordance with P.U.C. Rules 3.6, 3.8 and 16.1.[6] They were, therefore, mere "Objectors" as defined in P.U.C. Rule 3.9,[7] and were not parties to the Commission proceeding within the contemplation of the P.U.C. Rules. Likewise, having failed to intervene under the provisions of Rule 24, M.R.C.P., as applied to Commission proceedings pursuant to 35 M.R.S.A. § 308, the purported "appellants" were not formal parties by operation of the Maine Rules of Civil Procedure.[8]

Because they were not parties to the Commission proceedings those here seeking status as "appellants" lacked capacity to petition the Commission for reconsideration, rehearing and reopening pursuant to P.U.C. Rule 5. That Rule, governing the procedures for such petitions, specifies that copies of such petitions "shall be served on all *parties*" and that "[*p*]*arties* may apply to the Commission to reopen a proceeding

. . . ." (emphasis supplied) The purported "appellants", here, were not "parties" (merely "objectors") under the P.U.C. Rules.

For this same reason, they were barred from petitioning for rehearing under Superior Court procedures for new trials and amendments of judgments, as analogously applicable to Commission proceedings by virtue of 35 M.R.S.A. § 308. Rule 59(a) M.R.C.P. provides in pertinent part:

"The justice before whom an action has been tried may on motion grant a new trial *to all or any of the parties* . . . ." (emphasis supplied)

The nub of the instant situation, then, is that notwithstanding that they failed in any respect to achieve formal *party* status before the Commission, the purported "appellants" now seek the right to appeal to this Court under 35 M.R.S.A. § 303 from the Commission's denial of their ostensible

---

affected by a proceeding, but who do not seek to participate in a proceeding, may enter an appearance at the time of hearing without filing a petition in intervention, provided there is full disclosure of the identity of the person in whose behalf the appearance is to be entered, that the interest of such person in the proceeding and the position intended to be taken are stated fairly, and that the contentions will be reasonably pertinent to the issues. If the Commission is of the opinion that such persons may be directly and substantially affected by the proceeding, it may in its discretion, allow such persons to introduce evidence and/or otherwise participate in the conduct of the proceeding."

While P.U.C. Rule 16, unlike Rules 3, 4 and 5 which apply to all Commission proceedings, appears to govern only authorization of motor carriers of freight and passengers for hire, we note that the Commission has invoked it in a context other than motor carrier license hearings. See e. g., *Eastern Maine Electric Cooperative, Inc. v. Maine Yankee Atomic Power Company*, Me., 225 A.2d 414 (1967).

6. P.U.C. Rule 3.6 defines "Intervener" as: "Persons other than the original parties to a proceeding, permitted to intervene as provided in Rule 16 or to otherwise participate in a proceeding, . . .." P.U.C. Rule 3.8 styles as "Protestants" those persons "permitted to intervene in a proceed-

ing in opposition to an application or a petition . . . ." P.U.C. Rule 16.1 states: "Persons, other than the original parties to the proceeding, who are directly and substantially affected by the proceeding, shall file a petition of intervention with the Commission no later than seven (7) days prior to the date set for hearing on the application. Notice of date of filing and hearing of all applications shall be contained in a semi-monthly docket (calendar) issued by the Commission on the 1st and 16th of each calendar month which shall be mailed to all common carriers, their agents or attorneys appearing of record, and to other parties of interest having requested copy thereof. The mailing of said docket shall be deemed sufficient notice of the time and place of hearing on applications."

7. P.U.C. Rule 3.9 classifies as "Objector" those persons "allowed to participate in opposition to applications or petitions . . . ."

8. The purported "appellants" complain that they were without counsel at the Harrington hearing and never advised by the Commission of their right to be so represented. We find that the record shows beyond doubt that not only were they aware of their right to be represented by counsel but indeed they apologized to the Commission for their failure to have an attorney present.

petition for rehearing.[9] They lack capacity to take such appeal. Under 35 M.R.S.A. § 303 and P.U.C. Rule 4.12 [10] (promulgated pursuant to 35 M.R.S.A. § 3), appeals to this Court from decrees of the Commission must proceed as if from a judgment of the Superior Court in a civil action. Section 1851 of 14 M.R.S.A., governing appeals to us from the Superior Court, limits the opportunity to appeal to "any *party* aggrieved." (emphasis supplied) Rule 73 M.R.C.P., governing appeals to the Law Court, similarly makes clear that it contemplates that such appeals may be taken only by persons who were formal parties to the proceedings. It says:

"A *party* may appeal . . . by filing a notice of appeal with the clerk." (emphasis supplied)

We, therefore, conclude that those appearing before us as purported "appellants" (and who were merely "objectors" under P.U.C. Rule 3.9 before the Commission) are without capacity to prosecute this appeal.

This holding is in accord with earlier decisions of this Court and the decisions of Courts in other jurisdictions.

Following legislative guidance, this Court long ago announced that only *parties* to proceedings below have capacity to appear before it on appeal, *Elwell v. Sylvester*, 27 Me. 536 (1847); see also: *Merrill v. Suffolk Bank*, 31 Me. 57 (1849). Moreover, we cited this requirement in one of the early appeals to us from the Public Utilities Commission, *In Re The Samoset Co.*, 125 Me. 141, 131 A. 692 (1926). Finally, we have always examined closely proceedings of the Commission to ensure that they comply with statutory and other standards. See: *Eastern Maine Electric Cooperative, Inc. v. Maine Yankee Atomic Power Company*, supra.

■ Courts in other jurisdictions, petitioned for review by ostensible "appellants" situated similarly to those here, have reached conclusions paralleling ours. Mere appearance as a witness below was deemed insufficient by the Supreme Court of Pennsylvania in *Appeal of Greco*, 434 Pa. 431, 254 A.2d 6 (1969), to qualify an individual as a party, since

"[a] party to the proceedings is one who is a party in a legal sense, and who has been made or has become such in some mode prescribed or recognized by the law, so that he is bound by the proceeding." *Arsenal Board of Trade v. Pennsylvania Public Utility Commission*, 166 Pa.Super. 548, 72 A.2d 612, 615 (1950)

See also *Duke Power Co. v. Salisbury Zoning Board of Adjustment*, 20 N.C.App. 730, 202 S.E.2d 607 (1974), cert. den. 285 N.C. 235, 204 S.E.2d 22 (1974). An individual not a party initially does not become

9. It cannot be maintained that the Commission's ruling on the abortive petition for rehearing itself conferred capacity to appeal. This Court held in *Eastern Maine Electric Cooperative, Inc. v. Maine Yankee Atomic Power Company*, supra:
"The mere fact that the Commission saw fit either erroneously or as a mere act of grace to vouchsafe status as intervenors to these parties does not establish or ensure their standing as appellants or relieve them from the necessity of demonstrating on appeal that they have a viable interest in these proceedings." (p. 416 of 225 A.2d) Although we were concerned in the *Eastern Maine Electric Cooperative* case with a party's *standing*, in the sense of its interest in the proceedings, and are here concerned rather with whether the purported "appellants" have taken steps necessary to achieve *capacity* to proceed, we believe our duty to examine Commission rulings is the same. We conclude, here, that any attempt on the Commission's part to confer capacity to appeal through its consideration of the petition for rehearing would have violated its own rules and the Rules of Civil Procedure.

10. P.U.C. Rule 4.12 provides that:
"All appeals from final decisions of the Commission may be taken by filing a notice of appeal with the Clerk of the Commission as provided in R.S. Chapter 44, Sec. 67 as amended. (See P.L.1961 Ch. 317, Sec. 92). And all further proceedings on appeal shall be as provided for in the taking of appeals from a judgment of the Superior Court in a civil action. (See Rule 73 Maine Civil Practice)

one by reason of petition for rehearing or appeal, *Al Zeffiro Transfer and Storage Co. v. Pannsylvania Public Utility Commission*, 195 Pa.Super. 214, 171 A.2d 800 (1961).

The entry is:

Appeal dismissed.[11]

All Justices concurring.

11. At its most recent session the Legislature amended 35 M.R.S.A. §§ 299 and 303 by enacting P.L.1975, c. 392, effective 90 days from July 2, 1975. The substance of the amendment is: (1) citizens participating in public hearings must be informed by the Commission of steps necessary to preserve their right to appeal from its decrees; and (2) any person who has opposed a petition and participated in the relevant public hearing, and who is adversely affected by the final decision, may appeal to this Court from such decision.

Although we have decided the case presently before us by holding that the persons purporting to be "appellants" lack capacity under the legislative scheme which currently has legal effectiveness, we have nevertheless carefully reviewed the merits of the contentions advanced by the purported "appellants" and note that were they to be reached for decision, the Order of the Commission would be sustained.