[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal filed pursuant to Gen. Stat.4-183, appealing from the action of the defendant, Commissioner of Motor Vehicles, suspending the plaintiff's motor vehicle operator's license for the period of six months under authority of Gen. Stat. 14-227b(h). The defendant, through his hearing officer, found that the plaintiff had refused to take a chemical CT Page 10747 test, having been arrested for operating under the influence in violation of Gen. Stat. 14-227a.
"In order for the plaintiff to be properly before this court he must be an aggrieved person within the meaning of Conn. Gen. Stat. 4-183(a) in that a specific, personal and legal interest of his has been adversely affected by the defendant's decision." Marshall v. DelPonte, 4 Ct. L. Rep. No. 2, p. 36, 309587, Superior Court Judicial District of New Haven, at New Haven, May 14, 1991 (Clark, J.). "The suspension of his motor vehicle operator's license is aggrievement under the statute." citing, Tarescio v. Musio, 40 Conn. Sup. 505, 507-508 (1986) (Vassington, J.).
Once issued, a motor vehicle operator's license becomes an entitlement that cannot be taken or suspended without procedural due process as guaranteed by the Fourteenth Amendment to the Constitution of the United States. Bell v. Berson, 402 U.S. 535,539, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971). "Where important issues turn on questions of fact, due process requires an opportunity to confront and cross examine an adverse witness." Dowling v. Commissioner of Motor Vehicles, No. 098255, Superior Court, Judicial District of Waterbury, April 24, 1991, p. 10, (Barnett, J.), citing Goldberg v. Kelly, 391 U.S. 254, 269,90 S.Ct. 1011, 25 L.Ed.2d 857 (1970). "The admission of written reports does not detract from the fundamental fairness of the administrative procedure when the reports must be material to the issues and when their makers may be subpoenaed and cross-examined." Id., p. 10, citing Richardson v. Perales, 402 U.S. 389,410, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Here the plaintiff neither subpoenaed the arresting officer or requested that the commissioner subpoena the officer.
The Uniform Administrative Procedure Act (UAPC), Gen. Stat. Cp. 54, does not prohibit hearsay evidence as such at an administrative hearing. See Gen. Stat. 4-178. Such evidence will be admissible if it is reliable and probative. Lawrence v. Kozlowski, 171 Conn. 705, 710 (1976); cert. denied, 431 U.S. 969,97 S.Ct. 2930, 53 L.Ed.2d 1066 (1977); Cassella v. Civil Service Commission, 4 Conn. App. 359, 362 (1985), affirmed202 Conn. 28 (1987); Tomlin v. Personnel Appeal Board, 177 Conn. 344,348 (1979).
However, the Motor Vehicle Commissioner has adopted regulations governing the procedures to be followed at contested hearings, as we have here, which are more strict than the UAPC requires. "All testimony shall be taken under oath or affirmation." Connecticut State Regulations, 14-137-38(k). "Documentary Evidence may be received at the discretion of the commissioner or his designee in the form of copies or excerpts, if the original is not found to be readily available. Upon request CT Page 10748 by any party an opportunity shall be granted to compare the copy with the original which shall be subject to production by the person offering such copies, within the provisions of Section 52-180 of the Connecticut General Statutes." Connecticut State Regulations 14-137-38(1)(2). Section 14-137-39 of the regulations provides that the above-cited regulations "shall take precedence over any other conflicting or inconsistent regulations pertaining to . . . hearing procedures within the Department of Motor Vehicles."
The normal rule is that agencies must observe their own regulations. Lupo v. Norton, Warden, Federal Correctional Institution, Danbury, 371 F. Sup. 156, 161 (USDC, D. Conn.; Newman, J.) (1974).
"It is not the function of . . . the [c]ourt . . . to retry the case or substitute . . . its judgment for that of the defendant. Balch Pontiac-Buick, Inc. v. Commissioner of Motor Vehicles, 165 Conn. 559,563, 345 A.2d 520 [1973]; see General Statutes 4-183g. `The commissioner's function is that of an administrative agency. To render a decision, he must weigh evidence and reach conclusions.' [Citations omitted]. The credibility of witnesses and the determination of factual issues on matters within the province of the administrative agency, and, if there is evidence printed in the appendices to the briefs which reasonably supports the decision of the commissioner, [the court] cannot disturb the conclusion reached by him." Lawrence v. Kozlowski, supra, 708; citing Hart Twin Volvo Corporation v. Commissioner of Motor Vehicles, 165 Conn. 42, 49, 327 A.2d 588 (1973); Paul Bailey, Inc. v. Kozlowski, 167 Conn. 493, 496-97, 356 A.2d 114 (1973). In accord see Budkofsky v. Commissioner of Motor Vehicles, 177 Conn. 588,590 (1979). Here there is no evidence printed in the appendices to the briefs filed by the parties, but the transcript of the hearing has been filed as part of the record.
In Lawrence v. Kozlowski, supra at 713, our Supreme Court held: "[O]ur scope of review is statutorily circumscribed, and we may reverse or modify an agency order on the basis of an erroneous evidentiary ruling only if" substantial rights of the appellant have been prejudiced because the administrative findings, influences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. General Statutes 4-183(g)(5).'"
 This so-called substantial evidence rule is similar to the `sufficiency of the evidence' standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords `a substantial basis or act from which the fact in issue can be CT Page 10749 reasonably inferred. . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.' National Labor Relations Board v. Columbian Enameling Stamping Co., 306 U.S. 292, 299-300, 59 S.Ct. 501, 83 L.Ed. 660; see Richardson v. Perales, 402 U.S. 389, 91 S. CT. 1420, 28 L.Ed.2d 842; Consolo v. Federal Maritime Commission, 383 U.S. 607, 618-21, 86 S.Ct. 1018, 16 L.Ed.2d 131; see also McCormick, Evidence (2d Ed.) 352.
 "The `substantial evidence' rule is a compromise between opposing theories of broad or de novo review and restricted review or complete abstention. It is broad enough and capable of sufficient flexibility in its application to enable the reviewing court to correct whatever ascertainable abuses may arise in administrative adjudication. On the other hand, it is review of such breadth as is entirely consistent with effective administration. . . . [Kopec v. Buffalo Brake-Beam Acme Steel Malleable Iron Works, 304 N.Y. 65, 106 N.E.2d 12.] The `substantial evidence' rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency. . . [Board of Firemen's Relief Retirement Fund Trustees v. Marks, 150 Tex. 433, 242 S.W.2d 181; Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424], and to provide a more restrictive standard of review than standards embodying review of `weight of the evidence' or `clearly erroneous' action. . . . [Manlowe Transfer Distributing Co. v. Department of Public Service, 18 Wash.2d 754, 140 P.2d 287.] 2 Am.Jur.2d, Administrative Law, 621, p. 469; see also 688-690; 73 C.J.S., Public Administrative Bodies and Procedure, 223.
 Under this test, `the mere erroneous admission . . . of evidence will not invalidate an order of the commission. Substantial prejudice must be affirmatively shown.' Damariscotta-Newcastle Water Co. v. Damariscotta-Newcastle Water Co., 134 Me. 349, 186 A. 799; see Balch Pontiac-Buick, Inc. v. Commissioner of Motor Vehicles, supra, 568; see also Sisto v. Civil Aeronautics Board, 179 F.2d 47, 51-52 (D.C. CT Page 10750 Cir.); Whitfield v. Simpson, 312 F. Sup. 889, 895
(E.D. Ill.).
Lawrence v. Kozlowski, supra at 713-14 (1976).
In the type of matter which concerns this action, the general assembly has prescribed the issues to be decided in the administrative hearing:
 The hearing shall be limited to a determination of the following issues: (1) Did the police officer have probable cause to arrest the person . . . for operating a motor vehicle while under the influence of intoxicating liquor or drug or both. . .; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis . . .; and (4) was such person operating the motor vehicle.
Conn. Gen. Stat. 14-227b(f).
Our Supreme Court has held: "The hearing is expressly limited to the four issues enumerated above." Buckley v. Muzio, 200 Conn. 1,7 (1986).
The procedure to be followed by the police in this regard as applicable to this case is found in General Statutes 14-227b(b) and (c):
 "(b) If such person, having been placed under arrest . . . for operating a motor vehicle while under the influence of intoxicating liquor or any drug or both. . ., and thereafter, after being apprised of his constitutional rights, having been requested to submit to a blood, breath or urine test at the option of the police officer, having been afforded a reasonable opportunity to telephone an attorney prior to the performance of such test and having been informed that his license or nonresident operating privilege will be suspended in accordance with the provisions of this section if he refuses to submit to such test . . . the test shall not be given. . . . The police officer shall make a notation upon the records of the police department that he informed the person that his license or nonresident operating privilege would be suspended if he refused to submit to such test. . . .
(c) If the person arrested refuses to submit CT Page 10751 to such test or analysis. . ., the police office, acting on behalf of the commissioner of motor vehicles, shall immediately revoke and take possession of the motor vehicle operator's license . . . for a twenty-four hour period and shall issue a temporary operator's license or nonresident operating privilege to such person valid for the period commencing twenty-four hours after issuance and ending thirty-five days after the date such person received notice of his arrest by the police officer. The police officer shall prepare a written report of the incident and shall mail the report together with a copy of the completed temporary license form, any operator's license taken into possession . . . within three business days. The report shall be made on a form approved by the commissioner of motor vehicles and shall be sworn to under penalty of false statement as provided in section 53a-157 by the police officer before whom such refusal was made. . . . If the person arrested refused to submit to such test or analysis, the report shall be endorsed by a third person who witnessed such refusal. The report shall set forth the grounds for the officer's belief that there was probable cause to arrest such person . . . for operating a motor vehicle while under the influence of intoxicating liquor or any drug or both . . . and shall state that such person had refused to submit to such test or analysis when requested by such police officer to do so. . . .
Connecticut State Regulations 14-227b-18 entitled "Attendance of arresting officer at hearing" provides:
 (a) At the hearing the commissioner shall not require the presence and testimony of the arresting officer, or any other person, but the hearing officer may make an appropriate order, as authorized by Section 14-110 of the General Statutes, to obtain the testimony of such arresting officer or other witness, if the same appears necessary to make a proper finding on one or more of the issues stated in Section 14-227b(f) of the General Statutes, as amended by Section 1 of Public Act 89-314.
 (b) A person arrested for an enumerated offense may at his own expense and by his own CT Page 10752 solicitation summon to the hearing the arresting officer and any other witnesses to give oral testimony. The failure to appear at the hearing of any witness summoned by the person arrested shall not be grounds for such person to request a continuance or dismissal of the hearing.
 (c) If a person arrested for an enumerated offense wishes to summon to the hearing the arresting officer or any other witness, but such person is indigent, such person must file with the commissioner a sworn affidavit stating facts proving such indigency, at least seven days prior to the hearing. In such case the commissioner shall summon such arresting officer or witness to the hearing.
Regulations 14-227b-(1) entitled "Admissibility of police report at hearing" provides: "The written report filed by the arresting officer shall be admissible into evidence at the hearing if it conforms to the requirements of Section 14-227b(c) of the General Statutes." Both these regulations are authorized by Conn. Gen. Stat. 14-227b(1) which states:, "The commissioner of motor vehicles shall adopt regulations in accordance with chapter 54 (The Administrative Procedures Act) to implement the provisions of this section." The cited regulations recite that they were published in the Connecticut Law Journal on March 20, 1990. It shows that the regulations were adopted effective January 1, 1990, after earlier advertisement and public hearing and approved by the Attorney General and the Legislative Regulations Review Committee in accordance with Conn. Gen. Stat. 4-172 on January 23, 1990. The regulations were amended in ways not affecting this section's effectiveness. August 28, 1991, Conn. Law Journal, October 8, 1991, pp. 10B-15B. Ratification of the regulation shows "support for the proposition that the commissioner's regulatory interpretation of the statute is part of the general statutory scheme" Phelps Dodge Copper Products Co. v. Groppo, 204 Conn. 122, 130
(1987), citing Texaco Refining Marketing Co. v. Commission,202 Conn. 583, 599-600 (1987); Connecticut Hospital Assn. v. Commission on Hospitals Health Care, 220 Conn. 133, 134 (1986).
General Statutes 14-110, referred to in regulation 14-227b-18(a) empowers the commissioner of motor vehicles, his deputy or a designated assistant to "administer oaths and take testimony, cause depositions to be taken and order the production of books, papers, and documents and issue subpoenas."
In this case the record discloses that the plaintiff demanded a hearing before the commissioner regarding the suspension of his operator's license for failure to take a test after having been CT Page 10753 arrested for operating under the influence in violation of Gen. Stat. 14-227a. The record consists of a certified copy of a suspension notice dated January 15, 1991 which indicated the procedure for the plaintiff to follow to request a hearing: a certified copy of a notice of hearing dated January 31, 1981 which contains the following: "At the hearing the report submitted by the arresting officer Form A-44 shall be offered in evidence by the Commissioner"; a duplicate original of a temporary license given to the plaintiff on January 5, 1991; a certified copy of the decision of the commissioner which is the subject of this appeal: the transcript of the hearing held on December 6, 1990 (sic) (on page 3 of the transcript the hearing date is listed as February 6, 1991); and State Exhibit A.
At the hearing the plaintiff was informed that he had a right to remain silent and if he did no adverse inference would be drawn from that silence. But if he chose to testify, "then he, like any other witness, must be sworn to tell the truth and be subject to cross-examination." Trans. p. 4.
At the hearing the only evidence admitted was a photocopy of Form A-44 (Officer's DWI Arrest and Alcohol Test Refusal or Failure Report) with a duplicate original of the temporary license and a photocopy of a South Central Region Case/Incident Report (a police report to the prosecutor of an incident). The admission of these reports was objected to as hearsay. Also objected to was page 2 of the Form A-44 in that the sergeant who administered the oath is also the person who signed as witnessing the referral. Trans. p. 4. Also the report was objected to in that it failed to have an endorsement to the refusal to take a test.
The hearing officer ruled "At this point, I'm willing to accept the witness and the notary being the same person, but perhaps the courts will say I'm wrong at some future date." Trans. p. 5. The hearing officer never specifically ruled on plaintiff's other objection that there was no evidence to the plaintiff's refusal to take the chemical test. The plaintiff duly excepted to the ruling of the hearing officer.
After the exhibit was admitted the plaintiff pointed out that on page 2 of the Form A-44 it was noted that in answer to an inquiry by the police, the plaintiff stated that he was diabetic and under medication.
Thus, the issue before the hearing officer and before this court is whether or not the written reports admitted on Exhibit A conform to the requirements of Gen. Stat. 14-227b(c) as is mandated by regulations 14-227b-(1)?
This question has two parts: CT Page 10754
(1) Should a photocopy of the A-44 form have been admitted as an exhibit, and
(2) Should a photocopy of the South Central Region Case/Incident Report have been admitted as an exhibit?
"The `Per Se' statute attempts to establish a simple and clear procedure to be followed. The commissioner, however, has muddied the waters with a report form that is confusing and leaves much to be desired." Zadroga v. Commissioner, 42 Conn. Sup. 1, Note 2 at 6 (1991) (Berdon, J.).
Page 2 of the A-44 form in section 6 — Chemical Alcohol Test Refusal, in the signature block for the witness to the refusal, contains the signature of a Sergeant Thomas Mele. In section H entitled Oath, the same Sergeant Mele signed as the person who administered the oath. Section H states as far as applicable to this case: "This report of chemical alcohol test refusal . . . is subscribed and sworn to by me, the officer before whom such refusal was made. . . ." This is followed by a block entitled "signature of officer" in which the signature of Richard Diana appears. On page one of this report, Section C. Arrest — the arresting officer is listed as Patrolman Richard Diana.
The hearing officer found that the witnesses to the refusal to take a chemical test and the person who took the oath of the witness was the same person, Sergeant Mele. Trans. p. 5.
The hearing officer decided the case in a decision issued February 8, 1991, a certified copy of which has been made a part of the record in this action. The decision reads under findings of facts and conclusions of law: "The police officer had probable cause to arrest the above-named operator for a violation specified in Section 1 of Public Act 89-314 (sic) (now Gen. Stat. 14-227a). 2. The operator was placed under arrest. 3. The operator refused to submit to such test or analysis. 4. Said person was operating the motor vehicle." The next space in this form opinion which is entitled "Subordinate Findings, if any" was left blank. The four findings and conclusions are taken practically verbatim from Gen. Stat. 14-227b(f).
If the State seeks to use Form A-44 as its sole evidence in this case, then the information contained in the form must comply with the statutory and departmental regulations requisites. The arresting officer's report to the defendant Commissioner, must be written on a form approved by the defendant Commissioner, and shall be sworn to by the police officer before whom a refusal to take a chemical test was made. In addition, in the case of a refusal to take a test, the report shall be endorsed by a third CT Page 10755 person who witnessed such refusal. Gen. Stat. 14-227b(c).
The question is was the evidence available to the commissioner reliable, probative and substantial that the state had established the four statutory conditions?
The plaintiff argues that this case is that factual situation which was referred to in the case of Volch v. Muzio, 204 Conn. 507,518 (1987). That case was similar to this one, a hearing to suspend the operator's license of a person who refused to take a chemical test. In Volch the only signature on the police report was that of the arresting officer. At that time the applicable part of the statute read "`[i]f the person arrested refuses to submit to such test or analysis, the police officer shall . . . prepare a written report of such refusal' and that `[s]uch written report shall be endorsed by a third person who witnessed the refusal.' The report prepared by (the police officer) bears only his signature and has not been `endorsed by a third person.'" Id. at 516. "The absence of the endorsement of a third person who witnessed the arrested operator's refusal of testing would have rendered (the police officer's) report inadmissible if the plaintiff had objected thereto." Id. at 518. The present statute — while having been changed to cover the situations when a person takes chemical tests — is essentially the same as it was at the time of Volch.
First let us examine that part of Exhibit A which is the photocopy of the officer's report to the prosecutor. Pp. 5b, c and d. This report if an original would comply with Practice Book 650 — which allows reception of affidavits of testing under oath at a post arrest probable cause hearing where the accused is held in custody, thus relieving the officer of the burden of physically coming to court at the arraignment of the accused. See County of Riverside v. McLaughlin, 500 U.S. ___, 111 S.Ct. ___, 114 L.Ed.2d No. 1, 49, 49 Cr. L. 2104, May 15, 1991. The defendant makes no claim that this report is not on "a form approved by the commissioner of motor vehicles." Gen. Stat. 14-227b(c). There is no indication in the record that the original of this report was presented at the hearing so that it could be compared with the photocopy as required by the above-cited motor vehicle regulation and by Conn. Gen. Stat. 52-180(c). Nor can it be admitted on a business record-no evidence having been presented that it complied with the statutory mandates of Gen. Stat. 52-180(a) as the transcript contains no such finding; nor was there any testing meeting the statutory requirements. Since it is not a report on a form approved by the motor vehicle commissioner and since it is not a certified copy of an agency report, it can't be admitted as an exception to the hearsay rule such as is provided for in the "public records" exception to the hearsay rule, Gen. Stat. 1-19, because that statute requires the report be "certified" and CT Page 10756 "attested as a true copy" by the chief or deputy of the agency.
The record in this case shows that the notice of suspension and notification from the defendant to the plaintiff that he could demand an administrative hearing, the notice of hearing date from the defendant to the plaintiff, and the decision which is the subject of this appeal, all contain a certification as per Gen. Stat. 1-19. However, "the mere erroneous admission . . . of evidence will not invalidate an order of the (motor vehicle commissioner). Substantial prejudice must be affirmatively shown." (citations omitted). Lawrence v. Kozlinski, supra, at 714.
Since the only evidence at the hearing was the A-44 report and the case/incident report, their admission substantially prejudiced the plaintiff.
The defendant argues that the case/incident report was a part of the Form A-44 report but cites no authority for his claim that instruction number 3 on the top front of the Form A-44 makes the officer's report to the prosecutor a part of the Form A-44. The applicable part of the Form A-44 which reads "3. Attach additional sheets or materials necessary to explain portions of this Report. Such attachments are considered part of this Report and are approved by the Commissioner." "The statements and information contained therein are sworn to under penalty of false statement." But there is nothing in the record to show that the officer who made the report made the case/incident report an attachment to the A-44 report. To find such would be to indulge in speculation. Sufficient to say that there is nothing in the record to show that the hearing officer found that the officer had attached the case/incident report as a part of his A-44 report. See Zadroga v. Commissioner, supra, Note 2 at 6 where the officer wrote on the A-44 "See C/I Report" which he attached to the A-44 report. As noted above, the Uniform Administrative Procedure Act itself does not prohibit hearsay evidence at an administrative hearing if it is reliable, probative, and substantial. Gen. Stat. 4-178, and earlier cited cases. The report certainly is probative and substantial. But are the reports — both the A-44 and the case/incident reports — reliable? As the hearing officer correctly points out, transcript p. 4, at a hearing all testimony must be under oath. To make hearing evidence admissible it, because of the requirements of the department's own regulations, must either be under oath or have some other indicia of truthfulness or trustworthiness. The state argues that the A-44 report is sworn to under penalty of false statement. As has been seen above, that is not so. Instructions Number 3 provides that attachments to the A-44 report are to be sworn to under penalty of false statement. On page two of the A-44 report form the refusal to take a test is sworn to "by the officer before whom such refusal was made." Aside from the witness to the refusal to take the test there is no CT Page 10757 indication on the form that the reports of the arresting officer and the report of the endorser to the refusal to take a test comply with the requirements of Gen. Stat. 53-157, False Statements as the report aside from the officer witnessing the refusal to take a test is not under oath or on a "form bearing notice, authorized by law, to the effect that false statements made therein are punishable." The A-44 report does not have the requisite reliability to admit the admittedly hearsay report into evidence before the commissioner. Since these hearsay reports were the only evidence at the hearing, there was no reliable and substantial evidence that the hearing officer could employ to find that the state had established any of the four statutory requirements. Part of the third statutory element "did such person refuse to submit to such test" was proven, the sworn to signature of the officer to the refusal but the second element of that part, that of the third person witness to the refusal or endorser, was not proven.
This case is not like the situation where no objections are made to the introduction of report, which might have been objectionable, at the hearing before the Commissioner and where the arrestee testified that he was driving, had consumed a few drinks, and refused to take a breath test as in Volch v. Muzio, supra, 511.
This court does not have to reach the plaintiff's second ground, objecting to the admission of the A-44 report, on the ground that the endorser as the hearing officer and plaintiff's counsel called him, the witness, probably because the form so states, took the oath of the witness to this refusal.
Courts must not hamper the activities of civil administrative agency hearings by indulging in a microscopic search for technical infinities in their action. "The infirmity in the commissioner's action is neither technical nor microscopically disclosed; its core infirmity is the failure to follow mandatory provisions of (its own regulations) having the force of law. Jones v. Civil Service Commission, 175 Conn. 504, 511 (1978).
This court takes judicial notice of the terrible problems caused by drunken drivers to our society. One Supreme Court has stated: "The offense of driving under the influence of intoxicating liquor is particularly dangerous. . ." State v. Boucher, 207 Conn. 612, 618 (1988). Nevertheless, suspension of motor vehicle licenses involves state action that adjudicates important interest of the licensees and requires procedural due process. Bell v. Burson, 402 U.S. 535, 539, 91 S.Ct. 1586,29 L.Ed.2d 90 (1971). To cure the problems found in this case all that is necessary is to amend Form A-44 report to place the official witnesses to the refusal under oath or to note that their CT Page 10758 statements as attested to by their signatures on the forms are made under penalty of false statement as per Gen. Stat. 53a-157.
The plaintiff's appeal is sustained.
JOSEPH B. CLARK, JUDGE